The CHASE MANHATTAN
BANK, N.A., Plaintiff,

v.

The CELOTEX CORPORATION, Dana
Corporation and United States Mineral
Products Company, Defendants.

NEW YORK PLAZA BUILDING
COMPANY, Plaintiff,

v.

The CELOTEX CORPORATION, Dana
Corporation and United States Mineral
Products Company, Defendants.

Nos. 87 Civ. 4630 (VLB),
87 Civ 5513 (VLB).

United States District Court,
S.D. New York.

May 13, 1994.

Alani Golanski, Levy Phillips & Konigs-
berg, Robert R. Elliott, III, New York City,
for Chase.

David C. Eddy, Howrey & Simon, Wash-
ington, DC, Eric M. Kraus, Sedgwick, De-
tert, Moran & Arnold, New York City, for
Dana.

**MEMORANDUM ORDER**

VINCENT L. BRODERICK, District
Judge.

I

These litigations initiated in 1987 to obtain
compensation for use of asbestos in the
course of work at One New York Plaza, were
brought separately by New York Plaza
Building Company (the "Building Compa-
ny"), then the owner of the building, and The
Chase Manhattan Bank, NY ("Chase"), which
then held an option to buy the building.
Chase was fully aware of the Building Com-
pany's case at all times but never moved to
intervene in it until 1994 when it brought its
present motion for such relief. Chase has
never at any time moved to consolidate the
two lawsuits.

In 1989, Chase purchased the building but
obtained no assignment of the Building Com-
pany's claims concerning the asbestos. In
1990, Chase was told that the Building Com-
pany wished to discontinue its suit, but took
no action.

In October 1990, The Celotex Corporation ("Celotex")—a defendant in both cases—filed for protection under Chapter 11 of the Bankruptcy Code with the knowledge of Chase.

On April 10, 1992 the Building Company, the defendant Dana Corporation ("Dana"), Celotex and other parties signed a stipulation discontinuing the Building Company's suit (87 Civ 5513) pursuant to Fed.R.Civ.P. 41(a). That section of Rule 41 permits dismissal of a suit by a plaintiff as a matter of right under the circumstances; although judicial approval was not required, the stipulation was So Ordered on May 12, 1992 (the "1992 judgment").

The dismissal of the Building Company's lawsuit involved no costs to or incursion into any rights of Celotex or its creditors, and drew no objection at the time from any party including Chase, which was aware of it. More than a year later, in July 1993, Chase filed an asbestos claim in the Celotex bankruptcy.

On September 13, 1993 I dismissed Chase's suit against Dana, the only remaining defendant as of that time in 87 Civ 4630 on grounds that Chase had waived any objections to the disposition of the Building Company's suit, and that dismissal of that action was binding on Chase because of the overlapping nature of the litigations. *Chase Manhattan Bank v. Celotex Corp.*, 830 F.Supp. 790 (S.D.N.Y.1993) (the "1993 decision"). Chase filed but withdrew an appeal from the 1993 decision; the explanation now given is that a staff member of the appellate court suggested that the 1992 judgment might be void because of the Celotex bankruptcy.

In February 1994 Chase raised the 1990 Celotex bankruptcy for the first time as an objection to the binding nature of the 1992 dismissal of the Building Company's suit against Dana (the only defendant now being pursued). Chase has moved (a) to vacate the 1993 decision in 87 Civ 4630 under Fed.R.Civ.P. 60, (b) to intervene in and presumably revive the Building Company's now-dismissed 1987 suit (87 Civ 5513), and (c) for a restatement of the 1993 decision or other steps to assist Chase in pursuing an appeal from the substance of the 1993 decision.

Dana has also moved to sever Celotex from 87 Civ. 5513. All of the motions are denied.

## II

These 1987 cases knowingly pursued separately in violation of the long-standing rule against multiplication of lawsuits, *Smith v. Russell Sage College*, 54 N.Y.2d 185, 192–93, 445 N.Y.S.2d 68, 429 N.E.2d 746 (1981), have been prolonged by a repeated pattern of late-blooming contentions based on information available long before the contentions were presented. Such conduct is wasteful of judicial resources and injures other parties. If successful it also leads to litigation concerning long-past events with all of the unfortunate consequences attendant upon factfinding after lengthy delay. The prejudicial delays here, not supported by any adequate excuse, are impassable barriers to Chase's motions. See *Robins Island Preservation Fund v. Southold Development Corp.*, 959 F.2d 409, 421–25 (2d Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 603, 121 L.Ed.2d 539 (1992).

■ It would be contrary to judicial economy and fairness to permit Chase, based on a 1990 bankruptcy of which it was always aware, to reopen or to intervene in the case brought by the Building Company (87 Civ 5513) which was dismissed without objection in 1992, or to alter the 1993 decision in 87 Civ 4630 based upon that dismissal.

The same result as that reached on *res judicata* grounds in the 1993 decision would thus also be reached based upon laches even if the 1992 dismissal were not deemed a final judgment.

Were it relevant, there has been and could be no claim that Chase failed to act promptly as required to protect its claims at the numerous stages involved here because of lack of knowledgeable, sophisticated counsel.

## III

■ In any event, however, there is no valid reason to disturb the 1992 judgment or to treat its effect as nonbinding. "Entry of a judgment on the court docket is not the continuation of a judicial proceeding within the meaning of [Bankruptcy Code] section 362(a)(1)." *Rexnord Holdings v. Bidermann*, 21 F.3d 522, 527–528 (2d Cir.1994).

▮ Moreover, unilateral dismissal of a claim against a bankrupt under Fed.R.Civ.P. 41 or its equivalent by agreement and judicial approval assists rather than interferes with the goals of Chapter 11; the purposes of the Bankruptcy Code were in no way infringed by the dismissal by a plaintiff of a case against the bankrupt without any additional cost or risk to the bankrupt or its creditors. See *In re Terio*, 158 B.R. 907 (S.D.N.Y.1993), *aff'd*, Dkt No 93–5099, 5100 (2d Cir April 25, 1994).

## IV

The purpose of time limits for notices of appeal under Fed.R.Civ.P. 4(a) is to put an end to uncertainty concerning litigation. This objective is not served if such time limits are bypassed so as to permit a party responsible for lengthy delays and uncertainty to prolong the litigation.

▮ Consideration of any comments of staff attorneys is out of place in this context. To permit informal discussions between staff of the judicial branch and counsel for the parties to be used in subsequent proceedings is inappropriate; to do so would destroy the function of promoting free-wheeling discussion among opposing counsel. Counsel must make their own independent strategic evaluations regardless of such comments.

SO ORDERED.