**Burnadene SLAY, Plaintiff,**

v.

**LIVING CENTERS EAST, INC., d/b/a Warren Manor Nursing Home, Defendant.**

No. CIV.A. 00–0253–RV–C.

United States District Court, S.D. Alabama, Northern Division.

June 23, 2000.

James B. McNeill, Jr., Hobbs & Hain, P.C., Selma, AL, for plaintiff.

### ORDER

VOLLMER, District Judge.

Presently before the court is plaintiff Burnadene Slay's notice of voluntary dismissal (Doc. 8). Through this notice, Slay states that she has dismissed this action with prejudice pursuant to Rule 41(a)(1)(i)

of the Federal Rules of Civil Procedure, with costs taxed to her.

Rule 41(a)(1)(i) permits a plaintiff to dismiss an action without a court order by "filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment." In this case, dismissal appears to be appropriate because defendant Living Centers East, Inc. ("LCE") has filed neither an answer nor a summary judgment motion.

LCE, however, had already filed for bankruptcy, which raises an interesting question: Does the automatic stay provision set forth at 11 U.S.C. § 362 preclude a plaintiff from voluntarily dismissing an action against the defendant debtor pursuant to Rule 41(a)(1)(i)?

Another district court has held that a Rule 41 dismissal does not violate the automatic stay because "the purposes of the Bankruptcy Code [a]re in no way infringed by the dismissal by a plaintiff of a case against the bankrupt without any additional cost or risk to the bankrupt or its creditors." *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 852 F.Supp. 226, 228 (S.D.N.Y.1994). This court agrees that voluntary dismissals assist rather than interfere with the goals of Chapter 11. Accordingly, this case was properly **DISMISSED WITH PREJUDICE** upon the filing of Slay's notice of dismissal.[1]

---

1. The **CLERK** is **DIRECTED** to send a copy of this order to Bankruptcy Judge Mary F. Walrath and to the Clerk of the United States Bankruptcy Court for the District of Delaware.