**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 01-41327 THROUGH 01-41335
No. 01-41366 (CONSOLIDATED)
No. 01-11481 (CONSOLIDATED)
No. 01-51209 (CONSOLIDATED)
No. 01-51241 (CONSOLIDATED)

BILLY ARNOLD, JR., ET AL.,

Plaintiffs - Appellees,

VERSUS

GARLOCK INC.,

Defendant - Appellant.

Appeals from the United States District Court
For the Southern District of Texas, Corpus Christi

April 9, 2002

ON PETITION FOR REHEARING EN BANC

(opinion 12/28/01, 278 F.3d 426 (5th Cir. 2001))

Before DeMOSS, PARKER, and DENNIS, Circuit Judges

PER CURIAM:

Treating the petition for rehearing *en banc* as a petition for panel rehearing, the petition for panel rehearing is DENIED. No member of the panel or judge in regular active service having

requested that the court be polled on rehearing *en banc*, *see* FED R. APP. P. 35; 5TH CIR. R. 35; the petition for rehearing *en banc* is DENIED.

In support of its petition for rehearing, Garlock asserts that the holding of this court, *Arnold v. Garlock*, 278 F.3d 426 (5th Cir. 2001), is in error regarding the law of contribution; that we improperly adjudicated venue under 28 U.S.C. § 157(b)(5); and that the automatic stay of 11 U.S.C. § 362 precludes the dismissal of a bankruptcy-debtor co-defendant from an underlying tort lawsuit.

Garlock asserts that a conflict exists with our decision in *Pope v. Manville Forest Products Corp.*, 778 F.2d 238 (5th Cir. 1985) regarding application of the § 362 stay. There, we held that a Louisiana district court erred in applying as *res judicata* a judgment of $0 against a Title VII defendant in a New York bankruptcy court so as to dismiss the plaintiff's identical claim in the Louisiana district court. Based on a statutory construction of § 362, we reversed the district court and held that § 362(a) stayed the dismissal. *Id.* at 239. A more-than cursory look, however, reveals that we expressly limited the holding to the specific facts of that case, "not wish[ing] unnecessarily, or with technicality, to impede the district court in maintaining a current docket. We simply h[e]ld that the entry of the particular order of dismissal in the appeal before us was prohibited by the section 362 stay." *Id.* In the instant cases, the issue was not protecting a

2

plaintiff's direct claim under Title VII from the preclusive effect of another court's ruling, but whether to permit a plaintiff to voluntarily dismiss a claim under FED. R. CIV. P. 41(a) and a district court's interest in granting such a motion.

Most circuits hold that the district court has jurisdiction to determine the applicability of the automatic stay under § 362(a) to proceedings before it. *See* 2B Bankr. Service L. Ed. § 19:65 (2002) (reporting that the Second, Third, Fifth, Sixth, Seventh, Eighth, and Tenth Circuits so rule). Notwithstanding *Pope*, we have held that the automatic stay does not divest all other courts of jurisdiction to hear every claim that is in any way related to the bankruptcy proceeding. Further, that district courts retain jurisdiction to determine the applicability of the stay to litigation pending before them, and to enter orders not inconsistent with the terms of the stay. *See Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir. 1990)(dismissal of claim under *forum non conveniens* upheld regardless of § 362(a), in part because the defendant's Chapter 11 proceeding made it unnecessary to keep the action on the court's docket and because a subsequent lifting of the stay by the bankruptcy court would cure any defect, if one existed); *Hunt v. Banker's Trust Co.*, 799 F.2d 1060, 1069 (5th Cir. 1986); *cf. In re National Gypsum Co.*, 118 F.3d 1056, 1070 n.24 (5th Cir. 1997)(restating the premise that a district court may determine the applicability of the automatic

stay and noting that such does not prevent a debtor from redressing violations of the automatic stay through contempt proceedings in the bankruptcy court nor limit a bankruptcy court from enforcing or construing its own orders).  Other circuits hold likewise.  *See, e.g., Dennis v. A.H. Robins Co., Inc.*, 860 F.2d 871, 872 (8th Cir. 1988)(holding that a district court has the power to dismiss a case for failure to comply with court rules, regardless of § 362(a), in the interest of advancing a crowded docket and preserving respect for the integrity of its internal procedures).

The district courts in the instant cases were similarly entitled to dismiss the debtor on the plaintiffs' motions as a matter consistent with the terms of § 362(a) and the effective management of their dockets.

Nevertheless, Garlock asserts that its contribution claim survived the dismissal of the debtor in the underlying tort cases.

The essential prerequisites for a contribution claim are a judgment finding the party seeking contribution to be a joint tortfeasor and the payment by such party of a disproportionate share of the common liability.  *See Beech Aircraft Corp. v. Jinkins*, 739 S.W.2d 19 (Tex. 1987); *FDIC v. Niblo*, 821 F. Supp. 441, 457 (N.D. Tex. 1993).

Under Texas law, for a claim to survive a plaintiff's nonsuit, it must be a claim for *affirmative relief*.  *Quanto Int'l Co. Inc. v. Lloyd*, 897 S.W.2d 482, 484-45 (Tex. App.--Houston [1st Div.]

4

1995, no writ).  There, a defendant's counterclaim to enforce arbitration survived the plaintiff's nonsuit as a claim for *affirmative relief* under TEX. R. CIV. P. 162. *Id.* at 487. Regardless, a claim for *contribution* is not a claim for affirmative relief, despite Garlock's bare contention that it is.

Under Texas law, "[t]o qualify as a claim for affirmative relief, a defensive pleading must allege that the defendant has a cause of action, independent of the plaintiff's claim, on which he could recover benefits, compensation or relief, even though the plaintiff may abandon his cause of action or fail to establish it." *General Land Office v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 570 (Tex. 1990).  A cross action for contribution has no existence independent of a plaintiff's action.  It does not amount to a claim for affirmative relief under Texas law.  *See Pleasants v. Emmons*, 871 S.W.2d 296, 298 (Tex. App.--Eastland 1994, no writ) (defendants' counterclaim for contribution and indemnity from third party could not be established because plaintiff had abandoned her claim); *Gillman v. Davidson*, 934 S.W.2d 803, 805 (Tex. App.-- Houston [1st Dist.] 1996) (*en banc*) (Hedges, J., dissenting); *Nat'l Advertising Co. v. Smith*, No. 01-98-00121-CV, 1999 WL 681957, at *4 (Tex. App--Houston [1st Dist.] 1999) (unpublished opinion) ("[c]ertain claims have been construed as not constituting independent affirmative claims for relief because they expire as soon as the plaintiff's claims are extinguished," citing, *inter*

5

*alia*, *Pleasants v. Emmons*).

Under federal law, as the Texas courts have noted, FED. R. CIV. P. 41 does not contemplate the "affirmative relief" requirement essential to TEX. R. CIV. P. 162 regarding dismissal of an action. *Quanto*, 897 S.W.2d at 486-87. Each of Garlock's cases, however, were removed under federal question jurisdiction, as a matter purportedly "related to" federal bankruptcy proceedings. A claim for contribution under federal question jurisdiction is governed by federal procedural law, namely, FED. R. CIV. P. 8(c). *See Niblo*, 821 F. Supp. at 456. That court held that contribution was not an affirmative defense within the purview of Rule 8(c) but an affirmative claim which must be pled and proved. The court would not read the defendants' plea in avoidance as an affirmative defense under the last sentence of Rule 8(c)[1] because the necessary prerequisites to establish a claim of contribution under Texas law had not been met. *Id.* at 456-57 (citing *Beech Aircraft Corp. v. Jinkins*, 739 S.W.2d 19, 21 (Tex. 1987), *supra*). First, there had been no judgment against the defendants with respect to any claim, nor one finding the defendants to be jointly and severally liable, and, second, there had been no disproportionate payment, if any occurred, of a judgment by the defendants. 821 F. Supp. at 456.

---

[1] "When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation."

6

Here, similarly, there have been no judgments as to Garlock in any of the previously-removed cases, nor has Garlock been subject to payment of any amount by judgment. On those bases, Garlock has merely pleaded contribution in avoidance. Because the district courts in the instant cases properly dismissed the debtor in the face of § 362(a), Garlock's purported claims did not survive the dismissals. Garlock also cites *Koonce v. Quaker Safety Products & Mfg. Co.*, 798 F.2d 700 (5th Cir. 1986) for the proposition that the expiration of a statute of limitations for a plaintiff's claim against a third party does not preclude a defendant's claim of contribution against that third party. There, a judgment had been entered and a jury had apportioned fault among the plaintiff, defendant, and third party. *Id*. at 705. Here, again, there has been no judgment or apportionment of fault. Garlock has not satisfied the requirements for maintaining a claim for contribution and further, as we noted, *Arnold*, 278 F.3d at 440, Garlock lacks the relationship or unity of identity with the debtor that characterized, for example, *In re Dow Corning*, 86 F.3d 482 (6th Cir. 1996). There is no presently-cognizable claim under either Texas state or federal law upon which Garlock can found a claim of "related-to" jurisdiction under 28 U.S.C. § 1334.

On these bases, Garlock's contribution claims are unsupportable.

Garlock also contends that we exceeded our jurisdiction by

7

determining "on the merits" under § 157(b)(5) the venue of the tort claims against it.  As Garlock correctly points out, such an analysis belongs only in the "Home" district court with bankruptcy jurisdiction.  Our analysis, however, did not purport to determine the venue in which to proceed.  Instead, it was limited to determining whether Garlock could make a showing on appeal sufficient to justify issuing a stay pending appeal on its motion to transfer under the circumstances presented.  As such, the focus was on an analysis in *this* court, not in the "Home" district court. Rather than ruling on the appropriate venue for a valid claim within the § 157(b)(5) scheme, we simply conducted a threshold analysis to determine whether Garlock had such a valid claim under which to invoke "related-to" bankruptcy jurisdiction under § 1334 and so implicate § 157(b)(5) at all.  Finding that it did not, we implicitly upheld the determinations of the district courts and denied Garlock's motion for stay pending appeal on the basis that Garlock was unable to show a likelihood of success on such appeal. Effectively, that denied a motion to transfer, not a motion to determine venue under § 157(b)(5).

Garlock apparently believes that such a transfer should have been automatic upon application to the court in which the tort action arose when the debtor entered bankruptcy proceedings.  In this, Garlock fails to apprehend the difference between reviewing a party's eligibility for "related-to" bankruptcy jurisdiction and

8

determining in law or equity the most appropriate venue in which to proceed once such jurisdiction is established.

Of greater concern is whether the court in which a tort action arises, if different from the bankruptcy jurisdiction, is the appropriate place to bring a transfer motion under § 157(b)(5). Although the language of § 157(b)(5) seems to permit it, such a determination is subject to an in-depth examination under the rules of statutory construction. Because our determination in this case revolved around Garlock's lack of a valid cross-claim against the debtor and Garlock's inability to show a likelihood of success on appeal, we did not determine with finality whether § 157(b)(5), alone, enables a district court outside of the bankruptcy jurisdiction to effect such a transfer. The point may be a minor one, given that under the general transfer statute, 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Whether transfer would have been predicated on § 157(b)(5) or on a district court's broad discretion under § 1404(a), however, Garlock's claim did not create "related-to" bankruptcy jurisdiction.

Garlock's petition for rehearing *en banc* is therefore DENIED.