United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 14, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 02-51175
Summary Calendar

_____

FREDERICK COWARD; VERNA COWARD,

Plaintiffs-Appellees,

versus

AC AND S, INC.; ET AL.,

Defendants,

GARLOCK, INC.,

Defendant-Appellant.

---------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
(USDC No. EP-01-CA-0376-DB)
---------------------------------------------------------------

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Garlock, Inc. ("Garlock") appeals the district court's Order granting Frederick and Verna

Coward's (the "Cowards") "Motion for Just Costs, Actual Expenses, and Attorney Fees Under 28

U.S.C.A. § 1447(c)" in the amount of $10,367.44. For the reasons cited below we affirm in part, and

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reverse in part, and remand to the district court.

DISCUSSION

I.    Jurisdiction

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(d) and 28 U.S.C. § 1291. In re Topco, Inc., 894 F.2d 727, 734 (5th Cir. 1990).

II.    Standard of Review

This Court reviews a district court=s award of counsel fees for abuse of discretion, See Singer v. City of Waco, 324 F.3d 813, 829 (5th Cir. 2003), while we review the factual determinations under which an award is made for clear error.  Mathis v. Exxon Corp., 302 F.3d 448, 461-2 (5th Cir. 2002). However, we review *de novo* any statutory interpretation or other legal analysis  underlying a district court's decision concerning attorney fees. Hussain v. Boston Old Colony Ins. Co.,  311 F.3d 623, 628 (5th Cir. 2002).

III.    Analysis

First, Garlock asserts that the district court did not have jurisdiction to award attorney fees and costs under 28 U.S.C. § 1447 (c). It contends this is because the wording of the statute requires the award to be made as part of the remand order, and that once a remand is certified, a district court is divested of jurisdiction to make such an award.[1]  Second, it argues that 28 U.S.C. § 1447 (c), which provides for attorney fees, does not apply to a removal made under 28 U.S.C. § 1452, which does not contain a provision for awarding attorney fees and costs.   Third, assuming that  28 U.S.C.

---

[1] 28 U.S.C. § 1447 (c) provides:
    An order remanding the case may require payment of just costs
    and any actual expenses, including attorney fees, incurred as a
    result of the removal.

2

§ 1447 (c) does apply to an award of attorney fees for a U.S.C. § 1452 removal, the district court abused its discretion in awarding such because at the time of removal Garlock's case "related to" the bankruptcy proceedings of one or more of the co-defendants. Finally, Garlock argues that the district court abused its discretion in awarding the $10,367.44 of attorney fees and costs because no evidence was presented as to how that amount was determined. We will deal with each one of these arguments separately. Garlock cites <u>Hartford v. Union Planters</u>, 120 S.Ct. 1942, 1945 (2000) (a statute which authorizes specific action and designates a particular party empowered to take it is among the least appropriate to presume non-exclusivity)[2]; and this Court's decision in <u>Arnold v. Garlock</u>, 278 F.3d 426, 432 (5th Cir. 2001) (upon certification of a remand to a state court, the federal court is divested of all jurisdiction of the matter remanded) to support its assertion that the district court did not have jurisdiction to award attorney fees and costs after the remand order had been certified.

Garlock argues that <u>Hartford</u> requires a plain meaning reading of a statute and because § 1447 (c), states "An order for remand *may* (emphasis added by Appellant) require payment of just costs and expenses..." attorney fees can only be awarded if they are included in the remand order, or they are awarded prior to certification of the remand order. This Court has not addressed the issue of post-remand certification and retention of jurisdiction to impose costs under § 1447(c).

However, the Supreme Court in <u>Cooter v. Hartmarx Corp.</u>, 496 U.S. 384, 396, 110 S.Ct. 2447, 2456 (1990) held that a court which is divested of jurisdiction over the merits of a matter does

---

[2] In <u>Hartford</u> the Supreme Court held that because §506(c) of the bankruptcy code reads "the trustee may recover from property securing an allowed secured claim the ...costs and expenses of preserving or disposing of such property", a claimant bank was not a party who could recover under that section. <u>Id</u>. at 1945.

not lose jurisdiction on any collateral issues of that matter, such as the awarding of attorney fees.[3] Furthermore, other circuit courts have found that a district court is not divested of jurisdiction to award attorney fees and costs subsequent to the certification of a remand of a § 1447(c) removal. See e.g. Wisconsin v. Hotline Ind., Inc., 236 F.3d 363, 365 (7th Cir. 2000) (§ 1447(c) does not purport to  be exclusive and contains no language to suggest that there cannot be a supplemental order awarding attorney fees ); Stallworth v. Greater Cleveland Regional Transit Auth., 105 F.3d 252, 257 (6th Cir. 1997) (there is no requirement that a motion for attorney fees  and costs pursuant to § 1447 (c), to be timely, must precede the district court's order for remand);  Mints v. Educational Testing Serv., 99 F.3d 1253, 1258(3rd Cir. 1996) (§ 1447(c) does not imply that a court cannot enter an order for payment of such costs and fees at some later time); Moore v. Permanente Group, Inc., 981 F.2d 443, 445 (9th Cir. 1992) (the established principle that an award of attorney fees is a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits applies to a post-certified remand § 1447 (c) request for attorney fees and costs).

We see no reason why we should contradict the proposition that a court retains jurisdiction over collateral matters post-divestiture of jurisdiction on the merits as outlined by the Supreme Court in Cooter.  Additionally, we are presented with no rationale why we should adopt an interpretation of § 1447 (c)  in regards to the awarding of attorney fees and costs that differs from that of our sister circuits.  Accordingly, we hold that a district court is not divested of jurisdiction to award attorney fees and costs pursuant to  § 1447 (c) after a remand has been certified.

---

[3] In Cooter v. Hartmarx Corp., the Supreme Court held that a voluntary dismissal of an action under Rule 41 (a)(1) does not divest a federal court of awarding "attorney's fees and other costs" under Rule 11 because such "is not a judgment on the merits of an action but is rather a collateral issue." 496 U.S. 384, 396 (1990).

Next, Garlock asserts that because its removal was under § 1452, the district court erred in awarding attorney fees and costs pursuant to § 1447 (c). It cites In re Hofmann, 248 B.R. 90 (Bankr. W.D. Tex. 2000), which held that a request for attorney fees and costs under § 1447 (c) does not apply when a removal is made pursuant to § 1452. Id. at 93-4. However, this holding conflicts with the Supreme Court's holding in Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 129 (1995) which held "there is no express indication in § 1452 that Congress intended that statute to be the exclusive provision governing removals and remands in bankruptcy." In Things Remembered the Supreme Court held that while §1452 contains its own express prohibition of review of certain remand decisions in bankruptcy cases, the general prohibition of appellate review of remands under §1447(d) can also be applied in a bankruptcy case. Id. at 129. The Supreme Court concluded that "there is no reason § § 1447(d) and 1452 cannot comfortably coexist in a bankruptcy context...[and therefore] the court must...give effect to both." Id.

Additionally, the Tenth Circuit in Daleske v. Fairfield Communities, Inc., 17 F.3d 321 (10th Cir. 1994), which predated Things Remembered, clearly articulated how § § 1447 and 1452 can comfortably coexist when it held that an award of attorney fees and costs can be made for a case that was removed pursuant to §1452. Id. at 324. The court in that case noted that while § 1452 granted a district court or bankruptcy court the discretion to equitably remand a case that nevertheless continued to have related to subject matter jurisdiction, if at any point during the bankruptcy case such subject matter jurisdiction ceased to exist, §1447(c) would take effect and require that the case be remanded. Id. This analysis makes sense in light of Things Remembered because the fact that a case was removed under §1452 does not mean that §1447(c) will never be applicable in such a case. The analysis also makes sense in light of the fact that § 1452 does not provide when a case must be

5

remanded, but rather only when a case may be remanded. If §1447(c) was not applicable, a district court could be left hearing cases under which it has no subject matter jurisdiction.

Following the Supreme Court's *in pari materia*[4] statutory analysis in Things Remembered, the general remand requirement of § 1447(c) comfortably supplements § 1452 to provide when a case removed under § 1452 must be remanded if at any point during the bankruptcy case subject matter jurisdiction is lost, and thus when an award of attorney fees and costs can be made. In the case here, Garlock removed pursuant to § 1452. However, once the plaintiffs dismissed with prejudice the debtors, neither the district court nor the bankruptcy court maintained any "related to" subject matter jurisdiction which may have existed and were therefore required under §1447(c) to remand the cases to the state courts. Thus, § 1447(c) became the appropriate provision under which to apply for attorney fees and costs.

Garlock next argues that even if § 1447(c) did apply, the district court abused its discretion in awarding attorney fees and costs because Garlock had objectively reasonable grounds to believe that the removal was legally proper at the time it occurred. "Related to" subject matter jurisdiction exists when the outcome of a proceeding between two non-debtor parties could conceivably have any effect on the debtor's bankruptcy estate. See Arnold v. Garlock, Inc., (Arnold I), 278 F.3d 426, 441 (5th Cir. 2001).

Garlock states that at the time of the removal it had valid contribution claims against the debtors which established "related to" subject matter jurisdiction. While this Court has held that a valid contribution claim can serve to establish related to jurisdiction, Arnold I, 278 F.3d at 441,

---

[4] Black's law dictionary defines this as, "1. Relating to the same matter or subject; in statutory interpretation, the common maxim is that statutes *in pari materia* are to be construed together."

6

Garlock did not have such a valid claim at the time of removal. In Texas, in order for a party to have a contribution claim against another there must first have been judgment against that party finding it to be a joint tortfeasor and a payment by that party of a disproportionate share of the common liability. Arnold v. Garlock, Inc., (Arnold II), 28 F.3d 234 , 237 (5th Cir. 2002) (citing Beech Aircraft Corp. v. Jinkins, 739 S.W.2d 19 (Tex. 1987); FDIC v. Niblo, 821 F.Supp. 441, 457 (N.D. Tex. 1993)). At the time of the removal, the Cowards had yet to be awarded a judgment against Garlock that would serve to form the basis of a contribution claim against any of the debtors. Therefore, because Garlock did not have a valid contribution claim at the time of removal it did not have an objectively reasonable belief that related to jurisdiction existed.

Additionally, this Court bases its "related to" jurisprudence on Pacor, Inc. v. Higgins, 743 F.2d 984 (3rd Cir. 1984), Arnold I, 278 F.3d at 434, which held that related to jurisdiction exists if a judgment against a non-debtor third party would have the effect of a judgment against the debtor. Pacor, 743 F.2d at 995. Examples of such would be where a non-debtor had a contractual arrangement with a debtor for indemnification under which a judgment against the non-debtor would essentially bind the debtor. Id. A third party action which does not directly involve a debtor in bankruptcy is not related to the bankruptcy, but is, at best, a precursor to a claim against the debtor. Arnold I, 278 F.3d at 434 (citing Pacor, 743 F.2d at 995). This is because any judgment between two non-debtor third parties will not have any preclusive effect by either *res judicata* or collateral estoppel against the debtor, who would be free to relitigate any claim brought against it. Id. The judgment against a non-debtor defendant would not automatically create liability for the debtor because the non-debtor would be required to actually bring an action against the debtor to recover. Pacor, 743 F.2d at 995. Thus, "related to" jurisdiction would not come into play until a litigant brought a direct

7

claim under bankruptcy jurisdiction based on the result of the prior judgment. Arnold I, 278 F.3d at 434. Garlock has not asserted that it had any type of contractual arrangements with any of the debtors, such as an indemnification agreement, which would automatically bind the debtor in the event of a judgment against Garlock.

Furthermore, this Court has held that when a plaintiff dismisses a co-defendant debtor with prejudice, any contribution claims a non-debtor co-defendant may have against the debtor are eliminated, thus destroying any related to jurisdiction which may have existed. Arnold I, 278 F.3d at 439. The reasoning here is that under Texas law contribution cannot be recovered from a party against whom the injured party has no cause of action. Id.[5] Only if a non-debtor defendant has a cause of action independent of the plaintiff against the debtor defendant which would allow recovery even if the plaintiff's action against the debtor was abandoned or failed would related to jurisdiction survive. Arnold II, 288 F.3d at 237. In this case the Cowards appropriately exercised their option as plaintiffs to dismiss all of their claims against the debtors with prejudice, thus eliminating any related to jurisdiction Garlock may have had if its contribution claims were in fact valid. Based on the aforementioned, we find that related to jurisdiction did not exist at the time of the removal.

Finally, Garlock asserts that the district court abused its discretion when it awarded $10,367.44 in attorney fees and costs because no evidence was presented as to how this amount was calculated. The district court awarded the Cowards $1,295.93 for each of the eight removed cases which were remanded for a total of $10,367.44, which was the exact amount that the Cowards

---

[5]citing Tex. Civ. Prac. & Rem. Code Ann. §33.011(6)(A)(iii) which provides that a party from whom a contribution claim is sought must be liable to the plaintiff for all or a part of the damages claimed against the named defendant or defendants. Id.

requested in their Motion For Just Costs, Actual Expenses And Attorney Fees Under 28 U.S.C. §1447(c) ("Motion for Costs"). Attached to the Motion for Costs was a sworn affidavit from the law firm representing the Cowards, as well as other plaintiffs, which stated the firm was involved in remanding eighty-eight asbestos-related cases which Garlock had removed for a total cost of $114,041.61. The firm therefore estimated that each remand cost approximately $1,295.93.

This Court has held that a party seeking reimbursement of attorney's fees has the burden of establishing the number of attorney hours expended, and can meet that burden only by presenting evidence that is adequate for the court to determine what hours should be included in the reimbursement. Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 324 (5th Cir.) cert. denied, 516 U.S. 862 (1995). We review a district court's determination of reasonable hours and reasonable rates for clear error. Id.

As mentioned above, the only factual evidence in the record is an affidavit from the law firm stating how much it cost to remand eighty-eight cases, eight of which were for the Cowards, for a total of $114,041.61. The record contains no evidence of the hours expended or the rates charged which makes up this amount. The affidavit submitted falls short of what this Court requires to prove legal costs. We do not see how the district court could have made any determination about the reasonableness of the hours spent or the rates charged, as it is required to do. We therefore cannot affirm the $10,367.44 amount until the district court has been presented evidence of the hours spent and rates charged in order to determine if they were reasonable.

CONCLUSION

9

Because we find that the district court did have jurisdiction to award the attorney fees and costs post certification of the remand, correctly applied § 1447(c) for such award, and that related to jurisdiction did not exist at the time of removal, we AFFIRM the order of the district court as to those issues. However, because it does not appear that the Cowards presented evidence of the number of attorney hours spent and rates charged from which the district court could determine reasonableness, we REVERSE the district court's award of $10,367.44 and REMAND in order that a proper reasonableness determination be made consistent with this opinion.

REVERSED and REMANDED