THOMAS EDWARD SETTLES, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 13224–09L, 13225–09L.           Filed May 8, 2012.

After P filed his petitions in this Court seeking review of R's collection actions pursuant to I.R.C. sec. 6330(d), he filed a petition in bankruptcy court. The proceedings in this Court were automatically stayed pursuant to 11 U.S.C. sec. 362(a)(8) (2006). In an adversary proceeding pursuant to 11 U.S.C. sec. 505(a), the bankruptcy court decided P's underlying tax liabilities. While the bankruptcy proceeding was still pending and without having first received any order of the bankruptcy court vacating or lifting the stay, P filed motions to dismiss in the instant cases. *Held*: The automatic stay pursuant to 11 U.S.C. sec. 362(a)(8) does not prevent the granting of P's motions to dismiss the petitions for review of collection actions filed pursuant to I.R.C. sec. 6330(d) in this Court.

Thomas Edward Settles, pro se.
*Shawna A. Early*, for respondent.

372

OPINION

WELLS, *Judge*: These cases are before the Court on petitioner's motions to dismiss. The sole issue we must decide is whether the dismissal of petitioner's cases would violate the automatic stay that arises, pursuant to 11 U.S.C. sec. 362(a)(8) (2006), when a bankruptcy petition is filed that has not been vacated or lifted and the bankruptcy proceedings are still pending.

## *Background*

On June 1, 2009, petitioner filed petitions in this Court in the cases docketed at Nos. 13224–09L and 13225–09L, challenging, among other things, his underlying Federal income tax liabilities for his 1998, 1999, 2000, 2001, and 2002 tax years. At the time he filed his petitions, he was a resident of Tennessee. On September 25, 2009, petitioner filed a chapter 11 bankruptcy petition with the U.S. Bankruptcy Court for the Eastern District of Tennessee (bankruptcy court). On October 22, 2009, respondent filed with this Court notices of proceeding in bankruptcy, and on October 29, 2009, this Court issued an order in each of the instant cases that, pursuant to 11 U.S.C. sec. 362(a)(8), the proceedings in this Court were automatically stayed.

On April 9, 2010, petitioner filed in the bankruptcy court an adversary proceeding against respondent pursuant to 11 U.S.C. sec. 505(a), seeking declaratory judgment as to the existence and/or correctness of respondent's proof of claim for outstanding income tax liabilities that had been filed in the bankruptcy court and were the same underlying liabilities in issue in the instant cases. On June 10, 2011, the bankruptcy court granted respondent's motion for summary judgment and ruled that petitioner was estopped from challenging the amounts of the outstanding tax liabilities respondent asserted in his proof of claim in the bankruptcy court. The bankruptcy proceedings are still pending, and the stay under 11 U.S.C. sec. 362(a)(8) has not been vacated or lifted.

Consequently, on July 11, 2011, petitioner submitted to the Court and to respondent motions to dismiss as moot the petitions in the instant cases. On September 15, 2011, the Court filed petitioner's motions in the instant cases. Respondent has no objection to the granting of petitioner's motions.

*Discussion*

Although other courts have addressed issues similar to the question before us, this is the first occasion the Tax Court has had to address the issue of whether we may dismiss a case that has been stayed under the automatic stay provision of 11 U.S.C. sec. 362(a)(8) before the stay has been vacated or lifted by the bankruptcy court having jurisdiction over the matter.

As a preliminary matter, we consider whether the Tax Court, even in the absence of the 11 U.S.C. sec. 362(a)(8) automatic stay, can grant petitioner's motions to dismiss the instant cases. In the deficiency context, once a taxpayer has filed a petition with the Tax Court, the taxpayer cannot withdraw that petition. *See Estate of Ming v. Commissioner*, 62 T.C. 519 (1974). When the Tax Court dismisses a deficiency case for a reason other than lack of jurisdiction, we generally are required by section 7459(d)[1] to enter a decision for the Commissioner for the amount of tax determined against the taxpayer in the notice of deficiency. *Id.* at 522. Rule 123(d) requires that a decision entered pursuant to a dismissal on a ground other than lack of jurisdiction operate as an adjudication on the merits of the taxpayer's case.

However, in the instant cases, petitioner petitioned the Court to review a collection action under section 6330(d), not to redetermine a deficiency under section 6213(a). In contrast to the deficiency context, a taxpayer who files a petition asking the Tax Court to review a collection action does have the option to withdraw that petition. *Wagner v. Commissioner*, 118 T.C. 330, 332–334 (2002). In *Wagner v. Commissioner*, 118 T.C. at 332, we distinguished petitions in collection cases from those in deficiency cases because section 7459(d) applies only to a petition that is filed for redetermination of a deficiency and makes no mention of a petition filed to review a collection action. In deciding that the taxpayers could withdraw their petition in *Wagner*, we considered the Federal Rules of Civil Procedure, which we may consult when our Rules do not contain an applicable Rule. *Id.* at 332–333; *see* Rule 1(b).[2] Rule 41(a)(2) of the Federal Rules

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2] In *Wagner v. Commissioner*, 118 T.C. 330, 333 n.6 (2002), we stated that Rule 123(b), relat-

of Civil Procedure permits a court to dismiss an action at the plaintiff's request "on terms that the court considers proper." The purpose of rule 41(a)(2) of the Federal Rules of Civil Procedure, which requires court approval of a voluntary dismissal, is to protect the nonmovant from unfair treatment. *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009); *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). Unless the court orders otherwise, the granting of a motion to dismiss pursuant to rule 41(a)(2) of the Federal Rules of Civil Procedure is without prejudice. [3]

As noted above, respondent has no objection to the dismissal of petitioner's cases. We conclude that, consistent with *Wagner*, we may dismiss petitioner's cases pursuant to rule 41(a)(2) of the Federal Rules of Civil Procedure. However, we next consider whether we may grant a motion to voluntarily dismiss where an automatic stay pursuant to 11 U.S.C. sec. 362(a)(8) is pending and has not been vacated.

Pursuant to 11 U.S.C. sec. 362(a)(8), a bankruptcy petition "operates as a stay, applicable to all entities, of * * * the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor". The term "entity" is defined to include "person, estate, trust, governmental unit, and United States trustee". 11 U.S.C. sec. 101(15).

Petitioner contends that the dismissal of the instant cases would not violate the automatic stay under 11 U.S.C. sec. 362(a)(8) because 11 U.S.C. sec. 362(a)(8) stays the commencement or continuation of an action, but not its dismissal. We are guided by the decisions of a number of other courts that have considered whether the dismissal of a case against a debtor violates the automatic stay pursuant to 11 U.S.C. sec. 362(a)(1). [4]

---

ing to dismissals, does not apply where the taxpayers "voluntarily move the Court to dismiss their petition filed under sec. 6320(c) to review a notice of Federal tax lien."

[3] We note, however, that the statutory period during which petitioner could refile a petition in this Court has expired pursuant to sec. 6330(d)(1).

[4] By its terms, 11 U.S.C. sec. 362(a)(1) (2006) acts to stay actions or proceedings *against* the debtor. In contrast, 11 U.S.C. sec. 362(a)(8) acts to stay the "commencement or continuation of a proceeding before the United States Tax Court". The stay pursuant to 11 U.S.C. sec. 362(a)(8) is different from that pursuant to 11 U.S.C. sec. 362(a)(1) in that it acts to stay actions brought *by* the debtor. However, the provisions are similar in that they act to stay proceedings related to disputes regarding debts owed by the debtor. Accordingly, as we explain below, we consider the decisions of other courts concerning the purpose of the stay pursuant to 11 U.S.C. sec.

Continued

In general, courts have held that 11 U.S.C. sec. 362(a)(1) does not prevent courts from dismissing cases against debtors for failures to comply with court rules or to prosecute pursuant to rule 41(b) of the Federal Rules of Civil Procedure. *See O'Donnell v. Vencor, Inc.*, 466 F.3d 1104 (9th Cir. 2006); *Dennis v. A.H. Robins Co.*, 860 F.2d 871 (8th Cir. 1988). Similarly, courts have held that the automatic stay does not prevent a court from dismissing a case against the debtor on the motion of the plaintiff pursuant to rule 41(a) of the Federal Rules of Civil Procedure. *See Arnold v. Garlock Inc.*, 288 F.3d 234 (5th Cir. 2002); *Slay v. Living Ctrs. E., Inc.*, 249 B.R. 807 (S.D. Ala. 2000); *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 852 F. Supp. 226 (S.D.N.Y. 1994). In contrast, courts have held that, where an order of dismissal against the debtor would require the court to consider issues related to the underlying case, the dismissal would constitute a continuation of the judicial proceeding and is therefore barred by the automatic stay. *See Dean v. Trans World Airlines, Inc.*, 72 F.3d 754 (9th Cir. 1995); *cf. Pope v. Manville Forest Prods. Corp.*, 778 F.2d 238 (5th Cir. 1985).

In deciding whether dismissal of a particular case violates 11 U.S.C. sec. 362(a)(1), courts have looked to the purpose of the automatic stay. *See Dean v. Trans World Airlines, Inc.*, 72 F.3d 754; *Indep. Union of Flight Attendants v. Pan Am. World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992). The purpose of 11 U.S.C. sec. 362(a) is twofold: (1) it protects debtors by giving them breathing room, stopping collection efforts and giving them the opportunity to attempt a repayment or reorganization plan; and (2) it protects creditors because otherwise "'certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors.'" *Indep. Union of Flight Attendants*, 966 F.2d at 459 (quoting H.R. Rept. No. 95–595, at 340 (1977), 1978 U.S.C.C.A.N. 5963, 6297).

As with the automatic stay pursuant to 11 U.S.C. sec. 362(a)(1), the provisions of paragraph (8) making it applicable to proceedings in the Tax Court applies, by its

---

362(a)(1) to be instructive for considering whether the stay pursuant to 11 U.S.C. sec. 362(a)(8) acts to bar petitioner's voluntary dismissal of the instant cases.

terms, only to the "commencement or continuation" of proceedings and not to their dismissal. As we explained in *Halpern v. Commissioner*, 96 T.C. 895, 902 (1991), in addition to those purposes of 11 U.S.C. sec. 362(a) articulated above, the purpose of enacting 11 U.S.C. sec. 362(a)(8) was to "clarify that this Court would no longer exercise wholly concurrent jurisdiction with the bankruptcy court with respect to the resolution of tax issues."

Dismissing petitioner's cases does not require that we consider any issues related to the underlying cases. Consequently, consistent with the analysis of other courts,[5] a dismissal of the instant cases would not constitute a continuation of the judicial proceedings. *See Dean*, 72 F.3d at 756.

Additionally, granting petitioner's motions to dismiss the instant cases is entirely consistent with the purposes of 11 U.S.C. sec. 362(a)(8). Because the bankruptcy court has already adjudicated petitioner's tax liabilities, the goal of judicial economy has been satisfied. Indeed, that goal will be furthered by prompt dismissal of the instant cases rather than by permitting them to languish on our docket until after the bankruptcy court resolves the remainder of petitioner's disputes with respect to his creditors. Similarly, the dismissal of petitioner's cases is not inconsistent with the dual purpose of protecting the debtor from harassment by creditors and protecting creditors from other creditors.

Accordingly, we hold that 11 U.S.C. sec. 362(a)(8) does not prevent the dismissal of the instant cases on motions of petitioner.

---

[5] For instance, the Court of Appeals for the Ninth Circuit reasoned as follows:

[T]o permit post-filing dismissal based on resolution of issues presented by or related to an underlying case would require us to impose an unworkable rule to avoid undermining the debtor protection purpose of the automatic stay. Before a court *decides* a question, the court does not know which side will win. Therefore, while a court actively *considers* an issue in a case against a debtor, the court cannot know whether its consideration will, in the end, help or harm the debtor. * * * A rule permitting post-filing dismissal based on a determination of issues presented by or related to an underlying case is unworkable because, in practice, it would require courts to know the answers to questions before deciding them. As we were reminded by Lewis Carroll, first the trial, then the verdict. Such a holding should surprise no one. [*Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 756 (9th Cir. 1995).]

To reflect the foregoing,

> *Appropriate orders of dismissal will be entered.*