**Hans B. SAWYER, Plaintiff,**

v.

**Peyton N. JACKSON, Defendant**

**Case No. 1:16–cv–1099**

United States District Court,
E.D. Virginia,
**Alexandria Division.**

Filed 12/06/2016

Hans B. Sawyer, Pro Se, Springfield, VA, for plaintiff.

### ORDER

T.S. Ellis, III United States District Judge

The matter is before the Court on *pro se* plaintiff Hans B. Sawyer's motion to dismiss this case voluntarily without prejudice under Rule 41(a)(1)(A)(i), Fed. R. Civ. P. That rule allows a plaintiff to "dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Rule 41(a)(1)(A)(i), Fed. R. Civ. P.

Voluntary dismissal under Rule 41(a)(1)(A)(i), Fed. R. Civ. P., is ostensibly proper in this case because defendant Peyton N. Jackson has filed neither an answer nor a motion for summary judgment; indeed, he has not even been served. But

defendant has filed for bankruptcy,[1] which raises the question of whether the automatic stay provision of 11 U.S.C. § 362[2] prohibits plaintiff from voluntarily dismissing this action. *See Slay v. Living Ctrs. East, Inc.*, 249 B.R. 807, 807 (S.D. Ala. 2000). A plaintiff can voluntarily dismiss an action under Rule 41, Fed. R. Civ. P., because "the purposes of the Bankruptcy Code [are] in no way infringed by the dismissal by a plaintiff of a case against the bankrupt without any additional cost or risk to the bankrupt or its creditors." *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 852 F.Supp. 226, 228 (S.D.N.Y. 1994).[3] Because "voluntary dismissals assist rather than interfere with the goals of Chapter 11," this action can be dismissed under Rule 41(a)(1)(A)(i), Fed. R. Civ. P. *Slay*, 249 B.R. at 807.

Accordingly, and for good cause,

It is hereby **ORDERED** that plaintiff's motion to dismiss his case voluntarily without prejudice (Doc. 9) is **GRANTED.**

The Clerk is directed to send a copy of this Order to the *pro se* plaintiff, all counsel of record, Bankruptcy Judge Robert G. Mayer of the United States Bankruptcy Court for the Eastern District of Virginia, the Clerk of the United States Bankruptcy Court for the Eastern District of Virginia, and to place this matter among the ended causes.

---

**1.** *See* Peyton Nelson Jackson, No. 1:16–bk–12102 (Bankr. E.D. Va. June 16, 2016).

**2.** As relevant here, that provision stays the "commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title." 11 U.S.C. § 362(a)(1).

**3.** *See also Arnold v. Garlock Inc.*, 288 F.3d 234, 236 (5th Cir. 2002) ("[District courts retain jurisdiction to determine the applicability of the [automatic] stay to litigation pending before them, and to enter orders not inconsistent with the terms of the stay.").