# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 14, 2019

Lyle W. Cayce
Clerk

No. 18-30302

INGA M. FERIA, As heir of the deceased Evangeline Smith; JAMES SMITH, JR.; KEYOKA SMITH,

   Plaintiffs - Appellants Cross-Appellees

v.

WINN-DIXIE MONTGOMERY, L.L.C.,

   Defendant - Appellee Cross-Appellant

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC 2:17-CV-4837

Before JOLLY, JONES, and DENNIS, Circuit Judges.

PER CURIAM:*

  Plaintiffs, in their capacity as personal representatives for Evangeline Smith, now deceased, appeal the district court's dismissal of Smith's personal injury claim against Winn Dixie. Plaintiffs claim Smith was injured after consuming crabs she purchased at Winn Dixie, which Plaintiffs claim were infected with the rare bacterium aeromonas hydrophila. The district court

---

  * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determined that Plaintiffs failed to present evidence that Winn Dixie breached the applicable standard of care and held that Plaintiffs were not entitled to additional discovery under Federal Rule of Civil Procedure 56(d). After careful review of the record in this case, full consideration of the parties' briefs and oral arguments, and the district court's thorough opinion, we affirm the district court's judgment for the reasons stated by that court.

Winn Dixie cross appeals the district court's judgment, asking that we remand the case to the district court for entry of a judgment that explicitly awards costs in favor of Winn Dixie pursuant to Rule 54(d). We decline this invitation. Although the district court's judgment did not explicitly award costs, it did not definitively deny Winn Dixie the opportunity to seek costs. Winn Dixie therefore remained entitled to seek a judgment as to costs pursuant to Rule 54(d) in the district court even after entry of final judgment, and Plaintiffs' notice of an appeal in this court had no effect on the district court's jurisdiction to entertain such a motion. *See Moody Nat. Bank of Galveston v. GE Life & Annuity Assur. Co.*, 383 F.3d 249, 250 (5th Cir. 2004) ("Motions addressing costs and attorney's fees . . . are generally made pursuant to Rule 54 [and] are considered collateral to the judgment." (citing Fed. R. Civ. P 54(d))); *Coward v. AC & S., Inc.*, 91 F. App'x 919, 922 (5th Cir. 2004) (noting that "a court retains jurisdiction over collateral matters post-divestiture of jurisdiction on the merits" (citing *Cooter v. Hartmarx Corp.*, 496 U.S. 484, 396 (1990))). However, Winn Dixie's right to seek costs in the district court has since expired. The district court's local rules require that "the party in whose favor judgment is rendered and who is allowed costs," must file a motion to tax costs "[w]ithin 35 days of receiving notice of entry of judgment." E.D. LA. LOC. R. 54.3. Thus, remand here would be futile.

AFFIRMED.