# United States Tax Court

163 T.C. No. 9

STUDENTS AND ACADEMICS FOR FREE EXPRESSION, SPEECH,
AND POLITICAL ACTION IN CAMPUS EDUCATION, INC.,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 4261-24X.                          Filed November 26, 2024.

————————

P submitted an application to R for a determination that it qualified as an organization described in I.R.C. § 501(c)(3). When the application was not acted upon within 270 days, P filed a Petition under I.R.C. § 7428 for a declaratory judgment with respect to its qualification. P and R subsequently filed a Joint Motion to Dismiss Case Without Prejudice.

*Held*: The Court has discretion to grant a motion for voluntary dismissal in a case filed pursuant to I.R.C. § 7428.

*Held, further*, the Court will dismiss this case without prejudice.

————————

*Andrew M. Grossman*, *David B. Rivkin, Jr.*, and *Alexander L. Reid*, for petitioner.

*Michael C. Dancz*, for respondent.

OPINION

JENKINS, *Judge*: This declaratory judgment case filed under section 7428[1] is before this Court on the parties' Joint Motion to Dismiss Case Without Prejudice (Motion).

*Background*

Petitioner, Students and Academics for Free Expression, Speech, and Political Action in Campus Education, Inc. (SAFE SPACE), is a corporation with its principal office in Metairie, Louisiana. On June 13, 2023, SAFE SPACE submitted Form 1023, Application for Recognition of Exemption Under Section 501(c)(3) of the Internal Revenue Code, to the Internal Revenue Service (IRS). As of March 18, 2024, more than 270 days after SAFE SPACE had submitted its Form 1023, the IRS had not acted on it. Accordingly, on that date, petitioner filed a Petition under section 7428 with this Court seeking a declaration with respect to its initial qualification as an organization described in section 501(c)(3) which is exempt from tax under section 501(a) and as an organization described in section 170(c)(2).

On May 3, 2024, the parties filed the Motion. The parties indicate in the Motion that the application that SAFE SPACE submitted to the IRS was incomplete and was not processed by the IRS. The parties further indicate that the intent is for SAFE SPACE to "perfect" its application, creating a full and complete administrative record. The parties contemplate that (1) on the basis of the updated application, the IRS may make a determination with respect to which petitioner could subsequently seek review under section 7428(a)(1), and that (2) if the IRS does not make a determination, petitioner could subsequently file a new petition under section 7428(a)(2). Furthermore, the parties suggest, more extensive factual development before the IRS may be helpful to the Court in considering a subsequent petition under section 7428, in light of the fact that Rule 217(a) provides for section 7428 cases to generally be adjudicated on the basis of the administrative record. The parties agree that there will be no prejudice to either party from granting the Motion.

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (Code or I.R.C.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

*Discussion*

The majority of the Court's cases stem from petitions under section 6213 for the Court to redetermine deficiencies set forth in a notice of deficiency by the Commissioner.[2] In such a case, when the Court grants a motion to dismiss, unless the dismissal is for lack of jurisdiction, the Court is generally required by section 7459(d) to sustain the Commissioner's determination with regard to the amount of the deficiency. *See also* Rule 123(b). Accordingly, the Court has held that taxpayers may not withdraw a petition in such a case. *See Estate of Ming v. Commissioner*, 62 T.C. 519, 522–23 (1974).

However, the Court considers other types of cases to which sections 6213 and 7459(d) do not apply, including under provisions of the Code providing for declaratory judgment by the Court. *See, e.g.*, I.R.C. §§ 7428, 7476, 7477, 7478, 7479. *See generally* Rule 210. In such cases, the Court has previously granted motions to voluntarily dismiss or withdraw petitions. *See Pugh v. Commissioner*, 161 T.C. 4, 8–9 (2023) (collecting cases in which voluntary dismissal was permitted and concluding that voluntary dismissal was appropriate for a petition under section 7345); *Joseph E. Abe, DDS, Inc. v. Commissioner*, 161 T.C. 1, 4 (2023) (concluding that voluntary dismissal was appropriate for a petition for declaratory judgment under section 7476).

Such dismissals are consistent with Rule 41(a) of the Federal Rules of Civil Procedure (FRCP), to which the Court may give particular weight when the Court's Rules provide no governing procedure. *See* Rule 1(b).[3] FRCP Rule 41(a)(1)(A) generally allows for voluntary dismissal without a court order if (i) a notice of dismissal is filed before the opposing party serves either an answer or a motion for summary judgment or (ii) a stipulation of dismissal signed by all parties who have appeared is filed. In addition, FRCP Rule 41(a)(2) allows a court to dismiss a case, by order, at the plaintiff's request on terms that the court

---

[2] For example, the Court has reported that for its 2023 fiscal year, 94.73% of the cases filed were deficiency cases, as compared to the 0.02% that were cases requesting a declaratory judgment related to exempt organization status. United States Tax Court, *Congressional Budget Justification Fiscal Year 2025*, at 18 (Mar. 4, 2024).

[3] Because Rule 53 provides for dismissal for cause, it is not relevant to a motion for voluntary dismissal without prejudice. Rule 123(b) similarly applies in circumstances in which dismissal would be for cause, making it inapplicable in the context of a motion for voluntary dismissal.

considers proper. In either case, the default rule is for the dismissal to be without prejudice. *See* FRCP Rule 41(a)(1)(B), (2).

In considering whether court-ordered dismissal pursuant to FRCP 41(a)(2) is proper, courts generally consider whether the opposing party will be prejudiced by the dismissal. *See Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967) ("The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal.");[4] *see also Conafay ex rel. Conafay v. Wyeth Lab'ys*, 841 F.2d 417, 419 (D.C. Cir. 1988); *McCants v. Ford Motor Co.*, 781 F.2d 855, 856–57 (11th Cir. 1986). The "*mere prospect of a subsequent lawsuit*" is not to be taken into account in finding prejudice. *McCants*, 781 F.2d at 857. By contrast, one factor that the Court considers is whether the statutory period for filing a petition has expired. If so, the Commissioner is less likely to be prejudiced, given the opposing party's inability to file a subsequent petition with respect to the same matter. *See Stein v. Commissioner*, 156 T.C. 167, 170 n.2 (2021); *Jacobson v. Commissioner*, 148 T.C. 68, 70–71 (2017); *Wagner v. Commissioner*, 118 T.C. 330, 333–34 (2002). Another factor that the Court considers is whether the Commissioner objects to the motion to dismiss, on the premise that the lack of an objection indicates that the Commissioner would not be prejudiced. *See Pugh*, 161 T.C. at 9; *Joseph E. Abe, DDS, Inc.*, 161 T.C. at 4; *Stein*, 156 T.C. at 170; *Mainstay Bus. Sols. v. Commissioner*, 156 T.C. 98, 100 (2021); *Davidson v. Commissioner*, 144 T.C. 273, 279 (2015); *Settles v. Commissioner*, 138 T.C. 372, 375 (2012).

Section 7428 permits an organization to file a petition for the Court to make a declaration with respect to the initial qualification of an organization as an organization described in section 501(c)(3) which is exempt from tax under section 501(a) or as an organization described in section 170(c)(2). I.R.C. § 7428(a)(1)(A). As relevant to this case, such a petition is permitted in the case of an actual controversy involving a failure by the IRS to make a determination with respect to such qualification. I.R.C. § 7428(a)(2). However, a declaratory judgment may not be issued unless the Court determines that the organization has exhausted administrative remedies available to it within the IRS. I.R.C. § 7428(b)(2). An organization will be deemed to have exhausted its remedies with respect to a failure by the IRS to make a determination within 270 days from which the request for the determination was made,

---

[4] Under section 7482(b)(1)(D), absent stipulation to the contrary, *see* I.R.C. § 7482(b)(2), appeal of this Court's decision with regard to the Motion would lie with the U.S. Court of Appeals for the Fifth Circuit.

provided the organization took, in a timely manner, all reasonable steps to secure the determination. *Id.* The parties do not dispute that petitioner has exhausted all administrative remedies and that, unless the Motion is granted, this case is properly before this Court.[5]

The factors to be weighed in determining whether it is proper for a court to order dismissal pursuant to FRCP Rule 41(a)(2) favor dismissal.[6] In this case, there is not a limited statutory period for filing a petition, the expiration of which inures to respondent's benefit.[7] However, the prospect of litigation is not taken into account in determining prejudice to respondent for purposes of determining whether dismissal is appropriate. Consistent with that understanding, respondent has not only not objected to the Motion, but has actually joined it, confirming the lack of prejudice.

For the foregoing reasons, the Motion will be granted, and

*An order of dismissal will be entered.*

---

[5] The parties' statement in the Motion that SAFE SPACE's application was incomplete might raise a question as to whether SAFE SPACE could be considered to have taken all reasonable steps necessary to be deemed to have exhausted its administrative remedies for purposes of section 7428(a)(2). However, as required by Rule 211(g)(4), petitioner included in its Petition a statement that it had exhausted administrative remedies within the IRS, and respondent has not disputed this.

[6] Although not determinative, it is also significant that, in this case, the Motion was filed before respondent had filed an answer or a motion for summary judgment. Accordingly, dismissal of the case without a court order would be consistent with FRCP Rule 41(a)(1)(A)(i). Furthermore, the Motion is analogous to a stipulation described in FRCP Rule 41(a)(1)(A)(ii), which would also permit dismissal without a court order.

[7] Section 7428(b)(3) limits the time within which a petition can be filed for review of a notice of determination that has been issued by the IRS pursuant to section 7428(a)(1). However, there is only a minimum amount of time that must elapse before a petition can be filed under section 7428(a)(2) for the IRS's failure to make a determination, *see* I.R.C. § 7428(b)(2), and no outside limit on the time in which a section 7428(a)(2) petition can be filed.