## Curtis ROCKINGHAM Plaintiff

v.

MEN'S HEALTH CENTER, Charles David Scruggs, M.D., Pfizer Inc., Rite–Aid Corporation, and John Doe Defendants A–Z Defendant.

### No. CIV.A. 3:01–CV–708BN.

United States District Court,
S.D. Mississippi,
Jackson Division.

May 29, 2002.

---

Charles Stephen Stack, Jr., Heidelberg & Woodliff, Jackson, MS, Vicki Slater, Jackson, MS, for Curtis Rockingham, plaintiff.

John Stuart Robinson, Jr., Charles Stephen Stack, Jr., Heidelberg & Woodliff, Jackson, MS, for Charles David Scruggs.

William F. Goodman, III, Mildred M. Morris, Susan Latham Steffey, Joseph Jason Stroble, Watkins & Eager, Jackson, MS, for Pfizer, Inc.

Silas W. McCharen, Daniel, Coker, Horton & Bell, Jackson, MS, for Rite–Aid Corp.

### ORDER

BARBOUR, District Judge.

On May 20, 2002, the Court entered an Opinion and Order granting the Motion of Plaintiff for Remand based on its findings that (1) Defendants had not satisfied their burden of showing that Plaintiff did not have a possibility of establishing a claim for medical malpractice against Defendant Charles David Scruggs, M.D., and (2) there was at least a possibility that Plaintiff could survive the affirmative defense asserted by Defendants. The Court ordered the case remanded to the Circuit Court of the First Judicial District of Hinds County, Mississippi, in accordance with 28 U.S.C. § 1447(c) (providing in pertinent part that the case shall be remanded if "it appears that the district court lacks subject matter jurisdiction. . . .").

On May 22, 2002, Defendants filed a "Motion for Reconsideration," which, because Defendants urge the Court to consider newly discovered evidence not previously available to them that allegedly "establishes that there is no reasonable basis to predict that Plaintiff [may] establish liability against the instate defendants," see Motion, the Court construes as a Motion for Relief for Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Pursuant to 28 U.S.C. § 1447(d), the Court may not review "[a]n order remanding a case to the

State court from which it was removed...." However, this section is not without exceptions. *See Arnold v. Garlock, Inc.,* 278 F.3d 426, 437–38 (5th Cir. 2001). The Court may reconsider its order to remand (1) where "an exception to non-reviewability exists[, *e.g.*] the remand order was based on a defect in removal procedure," *see In re Shell Oil Co.,* 932 F.2d 1523, 1528 (5th Cir.1991), or (2) prior to the actual mailing of a certified copy of the order to the clerk of the state court pursuant to 28 U.S.C. § 1447(c) when the remand order was based on finding that the court lacked a basis for asserting subject matter jurisdiction, as in the instant case. *See Arnold,* 278 F.3d at 437–38 (holding that, because a remand order is not self-executing, "the federal court is not divested of jurisdiction until the remand order, citing the proper basis under § 1447(c), is certified and mailed by the clerk of the district court" (citing *McClelland v. Gronwaldt,* 155 F.3d 507, 514 n. 15 (5th Cir.1998)). *See also Browning v. Navarro,* 743 F.2d 1069, 1078–79 (5th Cir.1984) (holding that, pursuant to section 1447(c), "[t]he federal court is completely divested of jurisdiction once it mails a certified copy of the order to the clerk of the state court"). Because the Clerk of Court has not yet mailed a certified copy of the Order of May 20, 2002, to the clerk of the state court, the Court finds that it retains jurisdiction to review its Order to remand.

IT IS THEREFORE ORDERED that the Clerk of Court shall not mail the certified copy of the Court's Order of May 20, 2002, to the clerk of the Circuit Court of the First Judicial District of Hinds County, Mississippi, until the Court has ruled on the Motion of Defendants for Relief from Judgment.