**Gilbert L. SMITH and Marlene Smith Plaintiffs**

**v.**

**NATIONWIDE MUTUAL INSURANCE COMPANY; Yancy Ladner; Sherman Ladner; Lorilee Ladner; International Subrogation Management, Inc.,; EXS, Inc.; ABC, Inc.; and XYZ, Inc. Defendants**

No. CIV.A.3:01–CV–690WN.

United States District Court,
S.D. Mississippi,
Jackson Division.

Sept. 29, 2003.

Paul T. Benton, Patricia LoVerne Beale, Paul T. Benton, Attorney, Biloxi, MS, for Plaintiffs.

F. Hall Bailey, Cobb, Bailey & Simpkins, Jackson, MS, Ronald J. Artigues, Jr., Gex and Artigues, Waveland, MS, Johnny L. Nelms, Watkins, Ludlam, Winter & Stennis, P.A., Gulfport, MS, J. Carter Thompson, Jr., Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, for Defendants.

## MEMORANDUM OPINION
## AND ORDER

WINGATE, District Judge.

Before this court is the motion of the plaintiffs Gilbert Smith and Marlene Smith, both resident citizens of Mississippi, to remand this cause to the Circuit Court for the First Judicial District of Hinds County, Mississippi, pursuant to Title 28 U.S.C. § 1447(c).[1] This lawsuit arises from an automobile accident involving the plaintiff Gilbert Smith. According to the complaint, Gilbert Smith was injured while operating his pick-up truck on Highway 603 near Kiln, Mississippi, when a tractor-bushhog mower (hereinafter "bushhog mower") being operated by one Yancey Ladner struck a hammerhead, sending it crashing through Gilbert Smith's windshield and causing the injuries for which Gilbert Smith now seeks a legal remedy.

On August 2, 2001, plaintiffs Gilbert Smith and his wife Marlene Smith filed their state court complaint against Yancy Ladner, the driver of the bushhog mower; against Sherman Ladner and Lorielee Ladner, the parents of Yancy Ladner and the owners of the bushhog mower. The Ladners all are residents of Mississippi who reside in Kiln, Mississippi. The complaint states at paragraph 14 that, "Yancy Ladner was acting as the agent for his parents, Mr. Sherman Ladner and Mrs. Lorielee Ladner in mowing the property of Mr. Sherman Ladner and Mrs. Lorielee Ladner." Paragraph 28 of the complaint states that, as a proximate result of the negligence and/or strict liability of Mr. Yancey Ladner and Mr. Sherman Ladner, and/or the vicarious liability of Mr. And Mrs. Sherman Ladner and/or the negli-

gence, breach of warranty, failure to warn, negligent design and strict liability of ABC, Inc., (the seller of the bushog mower) and XYZ, Inc., (the manufacturer of the bushhog mower), as set out above, plaintiff Gilbert Smith has incurred the following damages: medical bills and related expenses; loss of income; loss of income earning capacity; future medical bills; pain and suffering and emotional distress relating to scarring and disfigurment. Taking paragraphs 14 and 28 of the plaintiffs' complaint together, they have asserted at least a claim of negligence against the Ladners under Mississippi law.

The plaintiffs also have sued Nationwide Mutual Insurance Company ("Nationwide"), a corporate resident citizen of Ohio. Plaintiffs' complaint contends that Nationwide failed to pay medical payments to the plaintiffs in the amount of $4,000.00 in bad faith without arguable reason, and failed to pay uninsured motorist benefits. The plaintiffs state that they seek no actual or punitive damages from Nationwide, but only the insurance benefits which they claim to be due and owing.

Next, the plaintiffs have sued International Subrogation Management ("ISM"), a corporate resident of Massachusetts. The plaintiffs claim that ISM engaged in willful and wanton misconduct when it asserted a lien against the plaintiffs' insurance benefits. Plaintiffs assert that ISM asserted the lien on behalf of the unnamed corporate defendant EXS, Inc., and excess coverage insurer.

Finally, the plaintiffs claim that ABC, Inc., the unnamed seller of the bushhog mower, allegedly is responsible for the plaintiff's injuries, and that XYZ., Inc., the unnamed manufacturer of the bushhog

---

1. Title 28 U.S.C. § 1447(c) provides in pertinent part that, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

mower, is ostensibly liable for products liability and strict liability in tort.

On September 6, 2001, the defendant ISM timely filed a notice of removal joined by Nationwide pursuant to Title 28 U.S.C. § 1441(a) and § 1446(b).[2] The notice of removal alleges both fraudulent joinder and fraudulent mis-joinder of the non-diverse defendants in order to avoid the jurisdiction of federal court based on diversity of citizenship under Title 28 U.S.C. § 1332[3].

ISM also has filed a motion to dismiss the plaintiff's complaint against it for lack of *in personam* jurisdiction under Federal Rules of Civil Procedure 12(b)(2).[4] ISM therein alternatively asserts that if the court does not grant the motion to dismiss ISM for lack of *in personam* jurisdiction, the court nevertheless should sever the mis-joined local defendants and remand the case against the non-diverse defendants to the state court.

## FACTS

On October 30, 2000, Gilbert Smith was injured while he was driving his vehicle, a Dodge pick-up truck, on Highway 603 near Kiln, Mississippi, when a tractor, operated by Yancy Ladner, pulling a bushhog mower adjacent to the highway, allegedly struck a hammer head, sending it through the windshield of the Mr. Smith's vehicle and striking him in the face. It was later determined that the owners of the tractor, Sherman and Lorilee Ladner, did not have liability insurance on the tractor that their son Yancy Ladner was operating at time of the incident.

Mr. Smith's medical expenses were paid, in part, by his health insurance coverage through his employment with the Hancock County Board of Supervisors ("Hancock Board"). The Hancock Board sponsored a self-funded medical benefit plan with AJD Insurance Consultant ("AJD") as the excess insurance carrier and manager of the Hancock Board health benefit plan. AJD refers any potential Subrogation claims of its clients to the defendant ISM for monitoring and handling.

At the same time, Mr. Smith's truck was insured by Nationwide under policy number 63 23 C 089517 which provided uninsured motorist coverage in the amount of $10,000.00, and medical benefits of $4,000.00. Plaintiffs contend that neither of these amounts was paid to them, notwithstanding their amicable demands for these benefits.

In a letter dated February 8, 2001, ISM notified the plaintiffs that ISM would place

---

2. Title 28 U.S.C. 1441(a) states in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."

Title 28 U.S.C. 1446(b) states in pertinent part that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for

relief upon which such action or proceeding is based[.]"

3. Title 28 U.S.C. § 1332(a) provides in pertinent part that, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States; ..."

4. Rule 12(b)(2) provides in pertinent part that "[e]very defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, ... lack of jurisdiction over the person[.]"

a lien on the plaintiffs' benefits, on behalf of AJD, the managing agent of Mr. Smith's medical plan benefits with Hancock Board, after ISM learned of the plaintiffs' coverage under the Nationwide policy. The letter stated that:

> Please be advised that we have been asked by the excess carrier of Hancock County Board of Supervisors' health benefit plan to monitor the potential Subrogation of the captioned claim.

> We understand that, to date, total claim payments made on behalf of Gilbert Smith are $77,024.66. The Hancock County Board of Supervisors' self-funded medical plan has a right of Subrogation in the event that a participant collects from any other source or liable party. We therefore provide you notice of this lien $77,024.66, and advise that the amount may increase.

The plaintiffs contend that this effort by ISM was entirely spurious and unfounded. In a subsequent communication faxed by ISM to the plaintiffs' attorney on April 5, 2001, ISM informed the plaintiffs as follows:

> As you know, we work on behalf of the excess carrier for the Hancock City Board of Supervisors health benefit plan. Our client has agreed to waive their portion of Mr. Gilbert's [sic] lien against the $4,000 MedPay portion of his automobile policy. They have referred our request to the third party administrator, MPE Services, who has authority for the Hancock plan's portion. As soon as we hear from them, we will be in contact with you.

Based on these communications, the plaintiffs assert that ISM has interfered unlawfully with the plaintiffs' contract with Nationwide, delaying payments due and owing because of an allegedly unfounded Subrogation claim.

### APPLICABLE LAW

■ The plaintiffs have challenged removal on the ground of timeliness, asserting that the defendant Yancy Ladner has not joined in removal. The defendants ISM and Nationwide, in response, contend that Yancey Ladner and his parents are fraudulently joined or fraudulently mis-joined in this lawsuit. If a party is fraudulently joined (or mis-joined), then the court does not consider that party's citizenship in determining whether diversity of citizenship exists. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.1993), cert. denied, 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993). Therefore, Yancy Ladner's absence is not fatal to defendants' removal in this case.

The general removal statute at Title 28 U.S.C. § 1441(c) [5] permits removal of "[a] separate and independent claim or cause of action" that has been joined with an "otherwise non-removable claim or cause of action," but only where that "separate and independent claim" is within the court's federal question jurisdiction under Title 28 U.S.C. § 1331.[6] None of the claims asserted in the instant case arises under the Constitution, laws or treaties of the United States. So, the Smith's claims against the Ladners, ISM and Nationwide cannot be removed to this court under § 1441(c).

**5.** Title 28 U.S.C. § 1441(c) provides that, "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."

**6.** Title 28 U.S.C. § 1331 provides that, "[t]he district courts shall have original jurisdiction of all civil cases arising under the Constitution, laws, or treaties of the United States."

So, in support of their removal, ISM and Nationwide cite the Eleventh Circuit case of *Tapscott v. MS Dealer Service Corporation,* 77 F.3d 1353, 1360 (11th Cir.1996), *abrogated on other grounds, Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir. 2000). In *Tapscott,* one group of plaintiffs sued a group of non-diverse defendants in state court for fraud arising from the sale of automobile service contracts. 77 F.3d at 1355, 1359–60. In the same lawsuit, another group of plaintiffs sued an entirely separate group of diverse defendants for fraud arising from the sale of service contracts covering retail products. *Id.* The Eleventh Circuit affirmed the district court's denial of the plaintiffs' motion to remand, stating that the plaintiffs' misjoinder of the two groups of unrelated defendants was "so egregious as to constitute fraudulent joinder." *Id.* at 1360. The claims were severed from one another, and the diverse parties were permitted to remain in federal court as a properly removed case.

The Eleventh Circuit's pronouncement in *Tapscott* is that, where a plaintiff's claims against different defendants have no real connection, the claims should be severed from one another. The defendants in the instant case urge that this is particularly so where the joining of the claims operate, like fraudulent joinder, to avoid federal jurisdiction.

In *In re Benjamin Moore & Company,* 309 F.3d 296 (5th Cir.2002), the United States Court of Appeals for the Fifth Circuit decided that the district courts within the Fifth Circuit should address whether diversity jurisdiction was fraudulently defeated because among the seventeen plaintiffs, who had nothing in common with each other, only four had asserted claims that relate in any way to the non-diverse

defendants, citing *Tapscott.* The Fifth Circuit concluded that misjoinder should not be allowed to defeat diversity jurisdiction, particularly when misjoinder may be as fraudulent as the joinder of a resident against whom a plaintiff has no possibility of a cause of action. This matter goes to the court's jurisdiction and to [a defendant's] right to establish federal jurisdiction following removal.

■ This court has reviewed the plaintiffs' complaint carefully and finds that its claims against the non-diverse defendants, the Ladners, are based on negligence relating to the accident in question, while the plaintiffs' claims against ISM and Nationwide, the diverse defendants, sound in contract, failure to pay benefit claims, and tortious interference with contract. In this court's view, the plaintiffs have combined unrelated lawsuits resulting in a fraudulent misjoinder of claims to defeat this court's jurisdiction. Thus, this court finds the motion of the defendants to sever the non-diverse parties and to retain the plaintiff's lawsuit against ISM and Nationwide to be well taken.

## *CONCLUSION*

Therefore, in light of *Tapscott* and *In re Benjamin Moore & Company,* this court directs that the tort claims of the plaintiffs Gilbert and Marlene Smith against the Yancy Ladner, Sherman Ladner and Lorielee Ladner defendants are hereby severed and remanded to the Circuit Court for the First Judicial District of Hinds County, Mississippi. The claims of the plaintiffs Gilbert and Marlene Smith against International Subrogation Management and Nationwide Mutual Insurance Company, are hereby retained in this court pursuant to this court's diversity jurisdiction under Title 28 U.S.C. § 1332.[7]

7. No party disputes that the $75,000.00 amount in controversy, exclusive of costs and interest, is met here.

The motion of International Subrogation Management to dismiss the plaintiffs' complaint against it for lack of *in personam* shall be addressed by separate Order. Thus, the motions of the plaintiffs to remand [**Docket No. 13–1 and 26–1**] are granted in part and denied in part. The motion of the defendant International Subrogation Management to sever [**Docket No. 22–2**] is granted.