# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-IA-01351-SCT

*SHAWN MERCER*

**v.**

*CARREL MOODY, JR., ELLA MAE LOIS MOODY,*
*AND BRIERFIELD INSURANCE COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 1/13/2004 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JACK W. LAND |
| ATTORNEYS FOR APPELLEES: | LARA E. GILL |
| | R. KEITH FOREMAN |
| | PHILLIP W. JARRELL |
| | TRACE D. McRANEY |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 05/26/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., EASLEY AND GRAVES, JJ.**

**GRAVES, JUSTICE, FOR THE COURT:**

¶1.     This appeal arises from an automobile accident in which plaintiff, Carrel Moody, Jr.,[1]

suffered injuries when  his dump truck hit a calf of defendant Shawn Mercer that had

wandered  onto  a  road  in  Greene  County,  Mississippi.    After  settling  his  worker's

compensation claim, Moody sued Mercer for monetary damages and   his employer's

---

[1] Mr. Moody's wife, Ella Mae Lois Moody, is also a plaintiff in this case, having asserted a derivative claim for loss of consortium.

insurer, Brierfield Insurance Company, for declaratory relief. The plaintiff made Brierfield the venue-fixing defendant by serving process on the Commissioner of Insurance in Hinds County; Mercer moved the trial court to realign Brierfield as a plaintiff or as an intervenor and transfer venue, alleging that it was fraudulent to use Brierfield to fix venue. The trial court denied Mercer's motion. We granted Mercer permission to bring this interlocutory appeal. See M.R.A.P. Mercer per asserts that the trial court abused its discretion in failing to transfer venue because the plaintiff fraudulently joined Brierfield to fix venue in Hinds County.

## FACTS AND PROCEDURAL HISTORY

¶2. The accident in question occurred on March 14, 2001. Carrel Moody was driving a dump truck owned by his employer, Greene County, in the east bound lane of Highway 42 and struck a calf owned by Shawn Mercer that had wandered onto the road. As the accident occurred while Moody was within the scope of his employment, he filed a worker's compensation claim against his employer and its insurer Brierfield. Brierfield accepted the claim and paid medical and indemnity benefits under the statute.

¶3. Moody then filed suit in Hinds County Circuit Court on February 11, 2003. Moody sued Mercer, alleging that he was negligent in failing to keep his calves properly penned. He sued Mercer's insurer, State Farm, seeking a declaration of coverage, despite the fact that State Farm never denied that such a loss would be covered.[2] Moody also sued Brierfield, Greene County's worker's compensation insurer, to seek a declaration regarding Brierfield's

---

[2] State Farm was dismissed from this case on or about August 16, 2004.

statutory lien which arose from its payment of worker's compensation benefits to Moody. Mercer requested a change of venue when he answered Moody's complaint, arguing that venue was only proper in either Perry County, where he resided, or Greene County, where the accident took place (and Moody resided). The trial court denied his motion.

¶4. During discovery, Brierfield submitted requests for admission to Moody. In his answers, Moody admitted that he was not seeking money damages from Brierfield which Brierfield later confirmed in writing. When Brierfield answered Moody's complaint on October 10, 2003, it filed a cross-claim against Mercer and State Farm. After Brierfield cross-claimed against Mercer, Mercer moved the trial court to realign Brierfield either as a plaintiff or an intervenor with Moody and to transfer venues. The trial court denied Mercer's motion on January 13, 2004. Mercer then filed a motion to reconsider and an alternative motion, seeking permission to file for interlocutory appeal, which the trial court denied on June 24, 2004. Mercer petitioned this Court for permission to file an interlocutory appeal on July 7, 2004, and this Court granted his petition on August 23, 2004.

**DISCUSSION**

¶5. The standard for reviewing a decision on transfer of venue is abuse of discretion and a judge's ruling will be affirmed unless it "clearly appears" that he abused his discretion or such discretion "has not been justly and properly exercised under the circumstances." *Stubbs v. Mississippi Farm Bureau Cas. Ins. Co.*, 825 So. 2d 8, 12 (Miss. 2002) (citation omitted).

    **I.    Whether M.R.C.P. 20(a) allows Moody to join his claims against Brierfield with his claims against Mercer in the same case.**

3

¶6.     M.R.C.P. 20(a) governs permissive joinder of parties; generally, multiple parties may join as plaintiffs if they maintain that defendants are jointly or severally liable to them or if their alleged right to relief arises out of "the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all these persons will arise in the action."  With respect to defendants, all may be joined in a case where a plaintiff asserts that they are jointly or severally liable to him or his claimed right to relief arises from the "same transaction, occurrence, or series of transactions or occurrences, ***and*** if *any question of law or fact common to all defendants will arise* in the action." (emphasis added).  *Id*.  Before multiple parties may be joined as either plaintiffs or defendants, "[b]oth of these requirements must be satisfied in order to sustain party joinder under Rule 20(a). ..."  ***Janssen Pharmaceutica, Inc. v. Bailey***, 878 So. 2d 31, 46 (Miss. 2004) (citation omitted).

¶7.     The "same transaction or occurrence" requirement of Rule 20(a) is satisfied, as any potential claims Moody had against either Mercer or Brierfield arose out of one distinct event, the accident of March 14, 2001.  Less certain is whether a common question of law or fact *will* arise as to Mercer and Brierfield, such that they should be joined as defendants.

¶8.     Moody claims that there is a common issue of law or fact which makes joinder of his claims against Mercer and Brierfield proper and relies on ***Jamison v. Purdue Pharma Co.***, 251 F. Supp. 2d 1315 (S.D. Miss. 2003), to support his position.  In ***Jamison***, plaintiffs brought an action in state court and joined as defendants several pharmaceutical companies that made or distributed Oxycontin, two pharmacies which sold it, and a doctor who

4

prescribed it. *Id.* at 1318. Defendants removed the case to federal court and challenged plaintiffs' joinder of all of the defendants under Rule 20(a). *Id*. The federal district court, in determining that joinder was proper, stated that the common issue of law or fact requirement "does not require that every question of law or fact arising in the action be shared among the parties. '[R]ather, the rule permits party joinder whenever there will be at least one common question of law or fact.'" *Id*. at 1323 (citation omitted).

¶9.     In *Jamison*, though the plaintiffs asserted different theories for recovery against the different categories of defendants, the court found that the common issue of law or fact requirement was met because resolution of a claim against the pharmaceutical defendants could affect the liability of the pharmacy defendants and the defendant doctor. *Id*. at 1323. Moody believes *Jamison* is very similar to this case; he asserts that his claim against Mercer will have an impact on the litigation of his claims against Brierfield and Brierfield's own claims against Mercer. Moody asserts that the fact that he requested different relief from Mercer and Brierfield should not bar him from joining these claims together in one action. While Moody correctly states the general rule, Mercer raises facts which alter the general application of Rule 20(a).

¶10.    Mercer, in challenging Brierfield's joinder as a defendant, argues that the requirements of Rule 20(a) have not been met. He contends that Moody only had a right to sue Mercer and that a declaratory judgment action was not proper in this case and cites to *Poindexter v. Southern United Fire Ins. Co.*, 838 So. 2d 964 (Miss. 2003), as authority. In *Poindexter*, the plaintiff sued a party who was responsible for the loss to his automobile

5

and Southern United, that party's insurance carrier, seeking a declaration of coverage. Southern United claimed that it was not a proper party to the case because it had not denied coverage. *Id.* at 966. This Court recognized that under the 2000 amendment to M.R.C.P. 57, an insured may "seek a declaratory judgment establishing coverage, where the insurance company has indicated it may deny coverage of the claim." *Id*. at 967. While we recognized the limited right of an insurer to seek a declaration of coverage where such coverage is in doubt, we further stated that Rule 57 "does not permit an injured party to join an insurance company that has admitted coverage." *Id*. at 968. Since Southern United admitted coverage for any of the plaintiff's losses in *Poindexter*, we affirmed the trial court's decision, finding that there were no grounds for the plaintiff to seek a declaratory judgment and that *dismissal of Southern United was proper*. *Id*. at 968, 972. (emphasis added).

¶11.    After looking at the general joinder requirements of Rule 20(a) and the specific rules for bringing a declaratory judgment action against an insurance company under Rule 57, we find that Moody improperly joined Brierfield as a defendant. This Court's decision in *Poindexter* is "on all fours" with the instant case. Brierfield has not only admitted that Moody's loss was covered, it has already paid him for his losses. Moody cannot rely on Rule 57 as the basis for bringing suit against Brierfield in the instant case. Rule 57 only allows Moody to seek a declaratory judgment against an insurer when coverage is in doubt, and coverage is not in doubt here. As such, there will be no common question of law or fact

litigated between all parties, making joinder of Brierfield and Mercer as defendants improper. Brierfield should therefore be dismissed.

**II.    Venue.**

¶12.    Because Brierfield was never a proper defendant in this case, venue was never proper in Hinds County, and the trial court erred in denying Mercer's motion for a change of venue. Therefore, venue is proper in either Greene County, where the accident occurred or Perry County, where Mercer resides. Since the first issue is dispositive of this case, this Court declines to conduct a further discussion on venue or fraudulent joinder.

**CONCLUSION**

¶13.    The trial court abused its discretion in allowing Carrel Moody to join Brierfield as a defendant in this case. Additionally, the trial court abused its discretion in denying Shawn Mercer's motion for a change of venue. We reverse the circuit court's order and remand this case with directions that the circuit court dismiss Brierfield from the case and transfer the venue of this case to the Circuit Court of Greene or Perry County.

¶14.    **REVERSED AND REMANDED.**

**SMITH, C.J., WALLER, AND COBB, P.JJ., P.J., EASLEY, CARLSON, DICKINSON, JJ., CONCUR. DIAZ AND RANDOLPH, JJ., NOT PARTICIPATING.**