Rob HINES and Harry Simmons D/B/A Five Mile Flying and Aig Aviation, Inc. as Aviation Managers for the Insurance Company of the State of Pennsylvania Plaintiffs

v.

PLANE PAINT, INC., Fast Blast, Inc., Hermitage Insurance Company, and John Does 1–3 Defendants

No. CIV.A.5:04CV211DCB–J.

United States District Court, S.D. Mississippi, Western Division.

Sept. 12, 2005.

Order Denying Reconsideration March 27, 2006.

Robert P. McCraney, McCraney & Montagnet, PLLC, O. Stephen Montagnet, III, McCraney & Montagnet, PLLC, Jackson, MS, for Rob Hines as Aviation Manager for the Insurance Company of the State of Pennsylvania, Harry Simmons as Aviation Managers for the Insurance Company of the State of Pennsylvania doing business as Five Mile Flying and AIG Aviation, Inc., AIG Aviation, Inc., Plaintiffs.

James R. Mozingo, Upshaw, Williams, Biggers, Beckham & Riddick, LLP, James R. Clark, The Mississippi Bar, Jackson, MS, Caryn L. Anlage, Copeland, Cook, Taylor & Bush, Robert P. Thompson, Copeland, Cook, Taylor & Bush, Ridgeland, MS, Robert R. Stephenson, Wilkins, Stephens & Tipton, P.A., Jackson, MS, for Plane Paint, Inc., Fast Blast, Inc., Hermitage Insurance Company, John Does, Defendants.

## MEMORANDUM OPINION AND ORDER

BRAMLETTE, District Judge.

This cause is before the Court on the plaintiffs' Motion for Award of Fees and Expenses [**docket entry no. 23**]. Having carefully considered the motions, responses and briefs, and the applicable law, the Court finds as follows:

### FACTUAL AND PROCEDURAL HISTORY

This negligence action was removed from the Circuit Court of Yazoo County, Mississippi, on August 16, 2004, after notice was given by Hermitage Insurance Company ("Hermitage") claiming that this Court had original diversity jurisdiction pursuant to 28 U.S.C. § 1332. While complete diversity did exist between Hermi-

tage and the plaintiffs, there was a lack of diversity between the plaintiffs and Hermitage's co-defendants. Hermitage argued that the claims against it had been "misjoined" in the state action and that the action could be properly removed under the theory of "fraudulent misjoinder of claims." *See* Def. Response to Motion for Remand, at 6.

On October 25, 2004, the plaintiffs' motion to remand the case to the Yazoo County court was granted. This Court determined that Hermitage's reliance on *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir.1996), as justification for removal on the basis of fraudulent misjoinder was misplaced. *See* Order of Remand, at 6. The Court first noted that it was not entirely clear that the Fifth Circuit recognized misjoinder of parties and claims as a basis for removal. *Id.* Despite this, the Court determined that *Tapscott* was easily distinguishable on the facts.[1] Additionally, Hermitage's claims of fraudulent misjoinder were further discredited by Mississippi law, which clearly condoned the joining of declaratory actions against an alleged tortfeasor's insurance company in the same suit as the underlying tort claim. *Id.* at 7–8.

## DISCUSSION

### A. Standard for Awarding Attorney's Fees Upon Remand

 "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A plaintiff is not automatically entitled to an award of attorney's

---

**1.** The Court need not reiterate the distinctions between the current case and *Tapscott,* as it comprehensively did so in the Order of Re-

mand, but does note that those distinctions should have been readily apparent to Hermitage.

fees upon a determination that removal was improper. *Valdes v. Wal–Mart Stores, Inc.,* 199 F.3d 290, 292 (5th Cir. 2000). Instead, the decision whether or not to grant the award should be based upon the "propriety of the defendant's removal." *Miranti v. Lee,* 3 F.3d 925, 928 (5th Cir.1993). In determining the propriety of the removal, the Court should consider "the merits of the defendant's case at the time of removal." *Valdes,* 199 F.3d at 292. This requires a review of "the removing party's actions based on an objective view of the legal and factual elements in [this] particular case." *Id.* at 293. Assessment of costs and fees against the removing defendants is within the discretion of the Court and does not require a finding of bad faith or frivolity. *Miranti,* 3 F.3d at 929 (citing *News–Texan, Inc. v. City of Garland,* 814 F.2d 216, 220 (5th Cir.1987)); *see also Valdes,* 199 F.3d at 292 ("[T]he district court may award fees even if removal is made in subjective good faith.").

■ The plaintiffs argue, among other things, that Hermitage lacked an objectively reasonable basis to have made any claim of fraudulent misjoinder. *See* Pl. Motion for Award of Fees, at 2. They point out that Mississippi law clearly allows for joinder of claims against an alleged tortfeasor's insurance company. In response, Hermitage claims that other courts in this District, in our sister district to the north, and even the Fifth Circuit Court of Appeals have all issued opinions sanctioning the "fraudulent misjoinder" concept. Hermitage then cites numerous cases to this effect. *See* Def. Brief in Support of Response to Motion for Award of Fees, at 3.

Hermitage's emphasis on the general propriety of fraudulent misjoinder as a basis for removal, however, is somewhat misplaced. In its Order of Remand, this Court's opinion was *not* based on a deci-sion that fraudulent misjoinder could not be used as a basis for removal in this Circuit. In fact, the Court specifically stated that it was ruling on the motion for remand "[w]ithout commenting on the logic of the 'procedural misjoinder' rule adopted in *Tapscott.*" *See* Order of Remand, at 6. The Court decided, rather, that even if the Fifth Circuit does recognize the rule in *Tapscott,* Hermitage had ultimately failed to demonstrate that it had, in fact, been misjoined in the action. Thus, even if a general reliance on the doctrine of fraudulent misjoinder would not have been objectively unreasonable, Hermitage could still be held liable for the plaintiffs' fees if it had no reasonable basis to believe that it had actually been misjoined.

Hermitage does go on to address the propriety of its belief that it had been misjoined in the state action. The defendant directs the Court's attention to the arguments it propounded in its brief supporting Hermitage's opposition to the motion to remand. In that brief, Hermitage claimed that while Miss. R. Civ. P. 57 did allow for declaratory actions to filed directly against an alleged tortfeasor's insurance company, the rule did not necessarily authorize that such a declaratory action could be joined with the underlying tort suit. Under the clear state of the law at the time of removal, however, Hermitage's assertions were manifestly incorrect.

The comment to Rule 57 of the Miss. R. Civ. P. states that, "Allowing the injured party to seek a declaration that the injured party's claim is covered by the defendant's policy may reduce litigation costs.... In addition, if the injured party brings the claim for declaratory judgment *together with the claim against the insured,* the rule may allow *all of the issues* growing out an incident against the insured to be resolved in a single judgment." Clearly, then, the Mississippi legislature contem-

plated that joinder of a declaratory action claim for a coverage determination against an insurance company with a claim for the alleged torts committed by the insured was allowed by Rule 57. The Mississippi Supreme Court has also indicated that joining a declaratory action against an insurance company with a claim against its insured tortfeasor is generally allowed. *See Poindexter v. Southern United Fire Ins. Co.*, 838 So.2d 964, 968 (Miss.2003) (implying that such joint actions are proper when coverage is at issue by stating that Rule 57 "does not permit an injured party to join an insurance company that has admitted coverage").[2]

Hermitage also claims that "in a case with a similar factual background, [*Smith v. Nationwide Mut. Ins. Co.*, 286 F.Supp.2d 777 (S.D.Miss.2003) ], a federal court within this same district held that the contract claims against insurers were fraudulently misjoined with the tort claims against the tortfeasors." Def. Brief in Support of Response to Motion for Award of Fees, at 4. As with Hermitage's previous reliance on *Tapscott*, its current reliance on *Smith* is unwarranted inasmuch as that case does not have a "similar factual background" to the case *sub judice*. *Smith* involved an attempt by the *plaintiff* to join *his own insurance company* with a state tort action against a group of alleged tortfeasors. *Smith*, 286 F.Supp.2d at 779–80. In this case, and as contemplated by Miss. R. Civ. P. 57, the plaintiffs joined not their own insurance company, but rather one of the alleged tortfeasor's insurers, Hermitage. Thus, *Smith* has no bearing

on the propriety of Hermitage's decision to remove.

In this case, the Court exercises its discretion in favor of awarding to the plaintiffs all costs and expenses, including attorney's fees, incurred as a result of the defendants' removal. The facts of this case do not support any of the defendant's arguments that removal was proper, which should have been apparent to Hermitage's counsel. Having found that an award of attorney's fees is warranted against Hermitage under 28 U.S.C. § 1447(c), the Court need not address the plaintiffs' alternative Rule 11 request for fees.

### B. Calculation of the Award of Attorney's Fees

■ Upon determination that an award of attorney's fees is warranted, the plaintiff's "costs of opposing removal, seeking remand, and other expenses incurred because of the improper removal may be awarded." *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir.1997). However, the plaintiff is not entitled to "ordinary litigation expenses that would have been incurred had the action remained in state court ... because such expenses are not incurred 'as a result of the removal.'" *Id.*

The parties are encouraged to reach a resolution of the amount of the plaintiffs' costs and expenses without Court intervention. If they are unable to do so, the plaintiffs may submit to the Court an itemized accounting of their costs and expenses incurred as a result of the removal, and Hermitage shall have ten days thereafter to file objections. Accordingly,

---

**2.** In *Mercer v. Moody*, No.2004–IA–1351–SCT, 2005 WL 1385205 (May 26, 2005), the Mississippi Supreme Court found that where coverage is disputed, joinder of the defendant's insurance company is proper so long as Miss. R. Civ. P. 20, which details the general principles of joinder, is complied with. *Id.* at *2–3.

Though, at the time of removal, Hermitage did not have the advantage of the later case to guide its decision, *Mercer* only fortifies the clear Mississippi rule that joint actions against both a tortfeasor and his or her insurance company are generally allowed.

IT IS HEREBY ORDERED that the plaintiffs' request for costs and expenses, including attorney's fees, is GRANTED.

## *MEMORANDUM OPINION AND ORDER DENYING RECON-SIDERATION*

This cause is before the Court on Hermitage Insurance Company's ("Hermitage's") Motion for Reconsideration of Order Awarding Fees [**docket entry no. 28**]. Having carefully considered the motions, responses and briefs, and the applicable law, the Court finds as follows:

## FACTUAL AND PROCEDURAL HISTORY

This negligence action was removed from the Circuit Court of Yazoo County, Mississippi, on August 16, 2004, after notice was given by Hermitage Insurance Company ("Hermitage") claiming that this Court had original diversity jurisdiction pursuant to 28 U.S.C. § 1332. While complete diversity did exist between Hermitage and the plaintiffs, there was a lack of diversity between the plaintiffs and Hermitage's co-defendants. Hermitage argued that the claims against it had been "misjoined" in the state action and that the action could be properly removed under the theory of "fraudulent misjoinder of claims." *See* Def. Response to Motion for Remand, at 6.

On October 25, 2004, the plaintiffs' motion to remand the case to the Circuit Court of Yazoo County was granted. *See* Order of Remand [docket entry no. 22]. On November 4, 2004, the plaintiffs filed a motion to recover those fees and expenses incurred in connection with the removal and remand. Thereafter, the order of remand was mailed to the Circuit Court of Yazoo County on January 25, 2005. After the remand order was mailed, this Court granted the plaintiffs' motion for attor-ney's fees and costs, finding that Hermitage had been objectively unreasonable in asserting removal jurisdiction. *See* Order dated September 9, 2005 [docket entry no. 27].

On September 22, 2005, Hermitage filed the present Motion for Reconsideration and asks that the Court rescind its order granting fees and costs to the plaintiffs. The defendant submits three separate bases which allegedly justify such a recision: (1) that the Court lacked jurisdiction to enter its September 9, 2005, order after the Order of Remand had been certified and mailed to the state court; (2) that an award of fees will thwart the parties' effort to save expenses and simplify the litigation; and (3) that Hermitage's belief that removal was proper was not objectively unreasonable.

## DISCUSSION

### I. Standard for Motion for Reconsideration

Although the Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration, the United States Court of Appeals for the Fifth Circuit has held that such a motion will be treated as either a motion to "alter or amend" under Rule 59(e) or a motion for "relief from judgment" under Rule 60(b). *Teal v. Eagle Fleet, Inc.,* 933 F.2d 341, 347 (5th Cir.1991). Rule 60(b)(6) allows a party to seek relief from a court's order when there is any reason "justifying relief from the operation of the judgment [or order]." Fed. R. Civ. Proc. 60(b)(6). A Rule 60(b)(6) motion must be filed within a reasonable time period. *McCorvey v. Hill,* 385 F.3d 846, 849 n. 4 (5th Cir.2004) ("there is no set time period distinguishing timely from untimely motions [under Rule 60(b) ] outside of the absolute, one-year time frame for Rule 60(b) (1)-(3) mo-

tions."). The United States Supreme Court has noted that Rule 60(b)(6) provides district courts with the "authority adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863–64, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988).

## II. Challenges to the Court's Order Awarding Fees

### A. *Jurisdiction to Enter Order Awarding Fees and Costs*

In *Arnold v. Garlock, Inc.*, 278 F.3d 426, 438 (5th Cir.2001), the Fifth Circuit addressed the impact an order of remand has upon the district court's jurisdiction in the case:

> A § 1447(c) order of remand is not self-executing. Section 1447(c) provides, in pertinent part, that upon determination that a case should be remanded, "[a] certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case." This provision created legal significance in the mailing of a certified copy of the remand order in terms of determining the time at which the district court is divested of jurisdiction. On that basis, the federal court is not divested of jurisdiction until the remand order, citing the proper basis under § 1447(c), is certified and mailed by the clerk of the district court.
>
> Once the remand order is certified and mailed, however, the matter remanded is removed from federal jurisdiction.

*Arnold*, 278 F.3d at 437–38 (internal citations omitted).

█ Hermitage contends that the above-quoted language from *Arnold* mandates that the Court vacate its order awarding removal-related fees to the plaintiffs inasmuch as that order was entered subsequent to the certification and mailing of the order of remand to the state court. *See* Def. Memo. in Support of Motion for Reconsideration, at 5–6. A similar contention was addressed in *Coward v. AC & S, Inc.*, 91 Fed.Appx. 919 (5th Cir.2004), and was clearly rejected by the Fifth Circuit Court of Appeals:

> This Court has not addressed the issue of post-remand certification and retention of jurisdiction to impose costs under § 1447(c). However, the Supreme Court in *Cooter v. Hartmarx Corp.*, 496 U.S. 384, 396, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) held that a court which is divested of jurisdiction over the *merits* of the matter does not lose jurisdiction on any *collateral* issues of that matter, *such as the awarding of attorney fees*. Furthermore, other circuit courts have found that a district court is not divested of jurisdiction to award attorney fees and costs subsequent to the certification of a remand of a § 1447(c) removal. [citations omitted]. We see no reason why we should contradict the proposition that a court retains jurisdiction over collateral matters post-divestiture of jurisdiction on the merits as outlined by the Supreme Court in *Cooter* .... Accordingly, we hold that a district court is not divested of jurisdiction to award attorney fees and costs pursuant to § 1447(c) after a remand has been certified.

*Coward*, 91 Fed.Appx. at 922 (emphasis added).

Hermitage, however, argues that *Coward* stands only for the limited holding that an award of fees need not be included in the same order which remands the case. Apparently, the defendant is contending that the district court can consider an

award of fees after the order of remand has been entered and *certified,* but that the court loses all power to award fees once the order of remand has been *mailed* to the state court. In support of this proposition, Hermitage cites an opinion penned by the Honorable Judge Barbour. *See Rockingham v. Men's Health Center,* 204 F.Supp.2d 967 (S.D.Miss.2002). In *Rockingham,* the district court had certified an order of remand based upon the lack of complete diversity between the parties. A copy of the order of remand had not yet been mailed to the state clerk, however, when the defendants moved for reconsideration of that order. *Id.* at 967. The defendants' motion claimed that newly discovered evidence showed that there was no reasonable possibility of recovery against any of the in-state defendants and that, therefore, the district court had jurisdiction over the case. *Id.* Judge Barbour, recognizing that the federal court would be divested of power to reconsider the *remand itself* once the order of remand had been mailed, issued an order directing that the clerk not mail the order of remand until the defendant's motion for reconsideration was decided. *Id.*

*Rockingham* has little relevance to the present case. Judge Barbour's opinion addressed the district court's power to reconsider an order of remand on its *merits* and

had nothing to do with considering the *collateral* matter of a post-remand award of fees. Moreover, contrary to Hermitage's reading of *Coward,* that case clearly holds that "a court retains jurisdiction over collateral matters post-divestiture of jurisdiction on the merits." There is no support for the proposition that the court's power to consider collateral matters such as attorney's fees is defeated once the order of remand has been mailed.[1]

Thus, it is clear that this Court retained jurisdiction to award § 1447(c) fees and costs even after the order of remand had been certified and mailed to the Circuit Court of Yazoo County.[2]

*B. Impact of the Fee Award on Parties' Efforts to Save Expenses and Simplify the Litigation*

■ After this case was remanded, the plaintiffs and Hermitage agreed to dismiss the then-existing declaratory actions. According to Hermitage, the dismissals were filed in an effort to save litigation expenses. *See* Def. Motion for Reconsideration, at 3. In its present motion for reconsideration, the defendant submits that the Court should rescind the award of fees to the plaintiffs because such an award "will likely have the effect of thwarting these efforts [to save litigation expenses] because it will renew all of the tangential

---

1. Hermitage claims that if the district court was not *completely* divested of jurisdiction over a case upon remand two courts, both a state and a federal court, would have jurisdiction over the same case. This argument, again, fails to recognize the distinction drawn in *Coward* that the certification and mailing of the order of remand divests the district court of any power to issue orders upon the *merits* of the remanded case. The federal court, then, is left only to decide upon *collateral* matters associated with the remand and removal. Thus, there is no jurisdictional overlap between the courts.

2. Hermitage also offers a troubling argument that it was unaware that the federal court was

still considering awarding fees to the plaintiffs after the case had been remanded. Def. Memo. Reply Brief in Support of Motion for Reconsideration, at 2. A simple perusal of the docket is all that is necessary to refute this claim. *After* the order of remand was entered, the plaintiffs filed their motion for fees. When the order of remand was subsequently mailed to the state clerk, the accompanying docket annotation states "Attorney Fees and Expenses retained in our court file." Thus, it should have been clear that the Court was still considering an award of fees after the order of remand was mailed.

issues involved in the removal and remand[, and m]ore than likely, the order awarding fees will be appealed resulting in additional costs to all parties." Def. Memo. in Support of Motion for Reconsideration, at 6–7.

If the parties wish to save litigation expenses involved in recovering attorney's fees or in avoiding a potential appeal, nothing prevents them from settling their differences without the Court's intervention. The plaintiffs, however, have clearly indicated that they wish to recover those fees expended in seeking remand, and the defendant continues to challenge that award. Moreover, the threat of a possible appeal and the associated costs which will be incurred by the parties is a woefully insufficient justification for vacating the Court's order. Such an argument could be asserted by any aggrieved party. Thus, Hermitage's argument that the fee award should be vacated because the parties wish to save any added litigation expense is without merit.

### C. Unreasonableness of Hermitage's Grounds for Removal

■ Hermitage's third and final argument asserts that the Court committed clear error by holding that the defendant lacked an objectively reasonable basis to remove this case based upon its theory that it had been fraudulently misjoined with an in-state defendant. In the order of remand, the Court held that under Miss. R. Civ. Proc. 57, the joining of insureds and their insurers in the same actions are generally condoned in Mississippi. While acknowledging this principle, Hermitage argues that the Court failed to consider that litigants wishing to join an insured and insurer in the same action must still comply with Miss. R. Civ. Proc. 20. That rule requires that in order to join multiple defendants in one action, the plaintiff must show that his claimed right to relief arises from the same transaction, occurrence, or series of transactions or occurrences, and that there be a question of law or fact common to all the defendants.

In the order of remand, the Court recognized that Rule 20 does, in fact, apply to actions seeking to join an insurer for the purpose of obtaining a declaration of coverage under Rule 57. *See* Order of Remand, at 6 n. 2. However, believing it readily apparent that Rule 20's requirements had been satisfied in this case, the Court declined to address the matter in detail. The Court now takes the opportunity to address Hermitage's contention that joinder under Rule 20 was improper.

This case involves a contention by the plaintiffs that Hermitage's insured, Plane Paint, was engaged to paint the plaintiffs' airplane and that the work was sub-standard. Hermitage agreed to defend the case under a reservation of rights. That reservation was premised upon a provision within the policy which excludes from coverage liability incurred because the insured's work was not performed correctly. Hermitage argues that the relevant coverage question in the declaratory judgment action is whether the exclusion for claims arising out of its insured's work will apply.

As stated previously, proper joinder under Rule 20 requires a showing of two elements: (1) that the claimed right to relief arises from the same transaction, occurrence, or series of transactions or occurrences; and (2) that there is a question of law or fact common to all the defendants. Clearly, the first element was met in this case inasmuch as the lawsuit arose out of a single occurrence, i.e., the alleged flawed painting of the plaintiffs' aircraft. Moreover, the second element has also been met. The common question of fact between all defendants is a determi-

nation of the manner in which Plane Paint painted the plaintiffs' plane.[3]

Therefore, as the Court held in its previous order granting remand and as it reemphasizes here, it was objectively unreasonable for Hermitage to believe that it was fraudulently misjoined in this case. Accordingly, Hermitage's Motion for Reconsideration will be denied.

## III. Determination of Amount of Fees and Costs

Having received a submission of fees and costs from the plaintiffs and objections thereto by Hermitage, the Court will now proceed to determine what quantum of fees shall be awarded.[4]

### A. Attorney's Fees

■ In their first submission of costs and fees, which has since been amended, the plaintiffs state that the number of man-hours expended for removal-related litigation is as follows:

| | |
|---|---|
| Partners: | 66.50 |
| Associates: | 5.75 |
| Paralegals: | 2.5 |

Upon challenge by Hermitage, the plaintiffs amended its hour calculation, acknowledging that 7.45 hours of the aforementioned time had not been spent on removal-related matters. Since the plaintiffs do not explain whether those hours should be deducted from the partners', associates' or paralegals' tally (or a combination thereof), the Court will deduct them from the partners' total. In their amended submission of fees, the plaintiffs also seek to include the additional hours expended in amending that pleading and responding to the defendant's opposition to their submission. The Court declines to award compensation for time spent correcting the plaintiffs' submission of fees and costs.[5] Thus, the number of hours expended by the plaintiffs in connection with the removal and remand of this matter are:

| | |
|---|---|
| Partners: | 59.05 |
| Associates: | 5.75 |
| Paralegals: | 2.5 |

3. Hermitage cites *Mercer v. Moody*, 918 So.2d 664 (Miss.2005), as support for its position that no common question of law or fact existed between it and its insured, Plane Paint. *Mercer* involved an attempt by the plaintiff to join *his own* employer's worker's compensation insurer along with the alleged tortfeasor. The court ruled that no common question of law or fact existed between the worker's compensation insurer and the tortfeasor because the insurer had already admitted coverage. *Mercer*, 918 So.2d at 667–68.

 Unlike in *Mercer*, Hermitage questioned its obligation to provide coverage to its insured in this case. That question was based upon its belief that the insurance contract excluded coverage for work that was negligently done. Despite the defendant's attempts to complicate the matter, it is very clear that a common question of fact with regard to the defendants was present at the time of Hermitage's improvident removal.

4. Hermitage offers two procedural objections to the plaintiffs' submission of costs: (1) that

the original Motion for Attorney's Fees failed to identify the amount sought in contravention of Fed. R. Civ. Proc. 54(d)(2)(B); and (2) that the plaintiffs did not seek leave to file their supplemental Motion for Attorney's Fees. Both procedural objections are without merit. In granting the plaintiffs' motion for fees, the Court ordered that they provide an accounting of their costs and fees in the event that the parties were unable to resolve the amount between themselves. The plaintiffs have properly complied with this order.

5. The Court realizes that some of this additional time included by the plaintiffs in their amended submission of fees was expended in an effort to address Hermitage's contentions that no fees should be awarded on procedural grounds. Without a detailed breakdown of these hours and a summation by the plaintiffs, however, the Court declines to speculate as to what this proportion may be.

■ With regard to the monetary rates associated with these hours, the plaintiffs submit that, prior to Hermitage's decision to remove this action, the hourly rates which were being charged were (1) $185/hr for partners; (2) $125/hr for associates; and (3) $90/hr for paralegals. After removal, however, the plaintiffs assert that they had to request a reduced rate from their attorneys in order to keep the litigation economically feasible. The reduced rates were (1) $125/hr for partners; and (2) $115/hr for associates. Hermitage contends, and this Court agrees, that it should not be assessed fees based upon a higher rate than that actually charged to the plaintiffs. Hermitage does not, however, challenge the reasonableness or the validity of the reduced rates charged to the plaintiffs, and this Court finds those rates to be reasonable. Therefore, the Court's calculation of the fees to be awarded is as follows:

| | HOURS | RATE | FEE |
|------------|-------|------|-----------|
| Partners: | 59.05 | $125 | $7,381.25 |
| Associates:| 5.75 | $115 | $ 661.25 |
| Paralegals:| 2.50 | $ 90 | $ 225.00 |
| | | **TOTAL:** | **$8,267.50** |

## B. Costs

In addition to the submission of attorney's fees, the plaintiffs also submit an accounting of their incurred costs for the months of August 2004 to November 2005. These costs, which total $2,375.46, include expenses for "Facsimiles", "Photocopies", "Postage", and "Online Research". *See* Itemization of Expenses (attached to Pl. Submission to Support Amount of Award of Fees and Expenses).

■ Hermitage objects to the plaintiffs' itemization of expenses on a number of grounds. First, Hermitage claims that the "Online Research" expense is unreasonable because the "ordinary practice for most attorneys is to incorporate this expense into their overhead [inasmuch as online] research companies charge a flat fee to have access to their databases." Def. Objection in Response to Submission to Support Amount of Award of Fees and Expenses, ¶ 7. Expenses associated with online research are regularly awarded as part of a cost award. *See, e.g., Butler v. Rapides Foundation,* 365 F.Supp.2d 787, 796 (W.D.La.2005) (awarding online/PACER-related costs). While the defendant's attorney may have a flat-fee billing arrangement with his online research provider, it is certainly not uncommon for other firms to pay per-search or hourly rates for their online research, and it is not extraordinary for those expenses to be passed along to the firms' clients. Therefore, those costs associated with online research in connection with the removal and remand of this case will be recoverable by the plaintiffs.

■ Hermitage also objects to the plaintiffs' alleged $788.97 in photocopying expenses on the basis of excessiveness. This figure, which was charged to the plaintiffs at a rate of $0.25 per photocopied page, would calculate out to approximately 3,155 pages. Though the plaintiffs claim that the $0.25 rate is a customary one charged by law firms, Hermitage contends that a rate of $0.15 should be used. The Court agrees with Hermitage and finds that a rate of $0.25 per page for in-house, assumably black and white, copies is somewhat excessive. Therefore, calculating 3,155 pages at $0.15 per page, the photocopying expenses would amount to $473.25.

Lastly, there is an objection by the defendant that the plaintiffs have included all of their expenses between August 2004 to November 2005, without any attempt to segregate the removal/remand-related costs from those associated with other matters involved in the general litigation. The plaintiffs acknowledge that they failed

to make such a distinction in their paperwork and have voluntarily agreed to reduce their request for costs by 50%. Though this concession was made only in regard to the postage and photocopying expenses (and not the online research costs), this 50% reduction will be applied to the entirety of the submitted expenses inasmuch as the plaintiffs failed to specify which online research charges were for removal/remand-related matters only. Therefore, the costs which will be awarded are as follows:

| | |
|---|---|
| Facsimiles | $ 32.25 |
| Photocopies | $ 473.25 |
| Postage | $ 92.09 |
| Online Research | $1,463.15 |
| **SUB-TOTAL** | $2,060.74 |
| X | .5 |
| **TOTAL** | $1,030.37 |

### CONCLUSION

Based on the reasoning and authority set forth above, the Court finds that Hermitage's Motion for Reconsideration is not well-taken. Accordingly

IT IS HEREBY ORDERED that Hermitage Insurance Company's Motion for Reconsideration of Order Awarding Fees [docket entry no. 28] is **DENIED**;

IT IS FURTHER ORDERED that the plaintiffs are awarded $8,267.50 in attorney's fees and $1,030.37 in expenses.